102 Cal.Rptr.2d 533 (2000)
24 Cal.4th 767
14 P.3d 207
The PEOPLE, Plaintiff and Respondent,
v.
Robert TINDALL, Defendant and Appellant.
No. S080078.
Supreme Court of California.
December 28, 2000.
*534 Barry J. Post, San Pedro, and Edward H. Schulman, Los Angeles, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Robert F. Katz, Marc J. Nolan, Pamela C. Hamanaka and Mitchell Keiter, Deputy Attorneys General, for Plaintiff and Respondent.
CHIN, J.
In this case, we decide the question left open in People v. Valladoli (1996) 13 Cal.4th 590, 608, footnote 4, 54 Cal.Rptr.2d 695, 918 P.2d 999 (Valladoli): whether a postverdict amendment to an information to add prior conviction allegations is permissible before sentencing but after the jury has been discharged. Under the circumstances of this case, we conclude it is not permissible. Under Penal Code section 1025, subdivision (b),[1] a defendant has the statutory right to have the same jury decide both the issue of guilt and the truth of any prior conviction allegations. Because the jury in this case was discharged before the prosecution amended the information to add additional priors, defendant did not have the same jury, as required under section 1025, subdivision (b). We conclude the trial court acted in excess of its jurisdiction by permitting the postdischarge amendment to the information. Thus, we reverse the Court of Appeal's judgment affirming that order.

Factual and Procedural History
The facts are taken largely from the Court of Appeal's opinion.
Police arrested defendant Robert Tindall after they saw him drop a plastic baggie containing what was later determined to be a usable quantity of rock cocaine. The information charged defendant with possession of rock cocaine (Health & Saf.Code, § 11350, subd. (a)) and alleged that he was convicted in 1983 for possession for sale of rock cocaine (Health & Saf.Code, § 11378) and in 1992 for possession for sale of rock cocaine (Health & Saf.Code, § 11351.5), each conviction *535 disqualifying him for probation. (Pen.Code, § 1203, subd. (e)(4).) The information also alleged that defendant had served a prior prison term for the 1992 conviction (Pen.Code, § 667.5, subd. (b)), which also disqualified him for probation under Health and Safety Code section 11370, subdivisions (a) and (c). The trial on the prior conviction allegations was bifurcated.
On December 18, 1996, the jury returned a guilty verdict, and defendant waived jury trial on the prior conviction allegations. The trial court then discharged the jury. The matter was continued to January 16, 1997, for preparation of a probation report, a court trial on the priors, and sentencing. The probation report later revealed that, in addition to numerous Missouri misdemeanor and felony convictions, defendant had three 1985 federal convictions for bank robberies committed in California, and was currently on federal parole for those convictions.
At the January 16 hearing, the prosecution moved to amend the information to add the three prior felony bank robbery convictions as "strikes" (§ 1170.12, subds.(a)-(d)) and to add allegations that defendant had served prior prison terms (§ 667.5, subd. (b)) for those convictions and for the 1983 conviction for possession for sale of rock cocaine. The trial court granted the motion without prejudice to defendant to renew his opposition. It also granted defendant a continuance. Defendant invoked his right to a jury trial on the strike allegations. The trial court allowed defendant to withdraw his previous waiver of jury trial on the prior convictions originally alleged.
After hearing further argument on the motion to amend the information, the trial court reaffirmed its ruling granting the motion over defendant's continuing objection. On March 24, 1997, trial commenced on the strike allegations before a new jury. After the trial court declared a mistrial because the jury was unable to reach a verdict on the truth of the prior convictions, it impaneled a new jury, which found true the three alleged prior bank robbery convictions. Defendant was sentenced to prison for 25 years to life.
On appeal, as relevant here, defendant argued that the amendment adding the priors after the first jury had been discharged violated his constitutional right against double jeopardy, and that under Valladoli, supra, 13 Cal.4th 590, 54 Cal. Rptr.2d 695, 918 P.2d 999, a late amendment under section 969a[2] is permissible only until a jury is discharged. (§§ 1025, 1164, subd. (b).) The Court of Appeal affirmed the trial court's order allowing the postverdict, postdischarge amendment. Recognizing that we did not decide this issue in Valladoli, the Court of Appeal applied our reasoning in that case to conclude that section 969a permits a postverdict amendment even after a jury has been discharged, and that the trial court did not abuse its discretion by permitting the amendment in this case. The Court of Appeal relied on both Monge v. California (1998) 524 U.S. 721, 118 S.Ct. 2246, 141 L.Ed.2d 615, and Valladoli, supra, 13 Cal.4th at page 609, 54 Cal.Rptr.2d 695, 918 P.2d 999, to dispose of defendant's double jeopardy challenge to the section 969a amendment.
We granted defendant's petition for review to decide one issuewhether a postverdict amendment to an information to add previously unalleged prior convictions is permissible after a jury has been discharged.

Discussion
Section 1025, subdivision (b) provides, in pertinent part: "the question of *536 whether or not the defendant has suffered the prior conviction shall be tried by the jury that tries the issue upon the plea of not guilty. . . ."[3] Section 969a, however, states that prior conviction allegations may be added "[w]henever it shall be discovered that a pending indictment or information does not charge all prior felonies. . . ." We interpreted section 969a to permit the prosecution, on order of the court, to amend the information until sentencing so long as the court has not discharged the jury. (Valladoli, supra, 13 Cal.4th at, pp. 605, 608, fn. 4, 54 Cal.Rptr.2d 695, 918 P.2d 999; see id. at p. 610, 54 Cal.Rptr.2d 695, 918 P.2d 999 (cone. opn. of Chin, J.) ["section 969a authorizes postverdict amendments at least until the trial court discharges the jury"].) Notwithstanding section 969a, defendant argues that section 1025, subdivision (b), prohibits the prosecution from amending the information to allege prior convictions after the jury that decided the guilt issue has been discharged. For reasons that follow, we agree.
In construing section 1025, "we must `ascertain the intent of the Legislature so as to effectuate the purpose of the law.'" (Valladoli, supra, 13 Cal.4th at p. 597, 54 Cal.Rptr.2d 695, 918 P.2d 999.) We first look at the actual words of the statute, "giving them a plain and commonsense meaning." (Ibid.) "If there is no ambiguity in the language of the statute, `then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs.' [Citation.] `Where the statute is clear, courts will not "interpret away clear language in favor of an ambiguity that does not exist."'" (Lennane v. Franchise Tax Bd. (1994) 9 Cal.4th 263, 268, 36 Cal.Rptr.2d 563, 885 P.2d 976.)
Preliminarily, we find that the pertinent language of section 1025 is straightforward and clear: if a defendant pleads not guilty to the underlying offense, and a jury decides the issue of guilt, that same jury shall decide whether the defendant "suffered the prior conviction," unless the defendant waives jury trial. (§ 1025, subd. (b); see also Kelii, supra, 21 Cal.4th at p. 454, 87 Cal.Rptr.2d 674, 981 P.2d 518 [trial court, not jury, determines whether a prior conviction is serious for purposes of § 1025]; People v. Vera (1997) 15 Cal.4th 269, 276, 62 Cal.Rptr.2d 754, 934 P.2d 1279 (Vera) [defendant may forfeit the right to a jury trial on prior conviction allegations by failing to timely object to discharge of the jury that decided defendant's guilt on the underlying offenses]; People v. Wiley (1995) 9 Cal.4th 580, 592, 38 Cal.Rptr.2d 347, 889 P.2d 541 (Wiley) [trial court, not jury, determines whether allegations of multiple prior convictions were brought and tried separately]; People v. Saunders (1993) 5 Cal.4th 580, 590, 20 Cal.Rptr.2d 638, 853 P.2d 1093 (Saunders ); cf. § 1025, subd. (c) [notwithstanding subd. (b) of § 1025, trial court, not jury, determines whether the defendant is the person who suffered the prior conviction].)[4]
*537 Notwithstanding the seemingly clear language of section 1025, subdivision (b), a conflict arises when this provision and section 969a both apply in a case. In other words, when section 1025, subdivision (b) and section 969a compel different results, which statute controls? Although we have explained that section 969a's purpose is "towards effectuating the Legislature's expressed view that all known prior felony convictions of an accused be pleaded" (Valladoli supra, 13 Cal.4th at p. 602, 54 Cal.Rptr.2d 695, 918 P.2d 999), section 1025, subdivision (b), requires further elucidation. (See Vera, supra, 15 Cal.4th at p. 276, 62 Cal.Rptr.2d 754, 934 P.2d 1279 ["`same jury' provision reflects the statute's unitary trial procedure, and does not constitute a statutory entitlement separate from the jury trial right itself'].) That is, what are the reasons for, or benefits of, having the same jury decide both the issue of a defendant's guilt and the truth of alleged prior convictions?
Because section 1025 was enacted over a century ago (Saunders, supra, 5 Cal.4th at p. 587, fn. 2, 20 Cal.Rptr.2d 638, 853 P.2d 1093), our review of its legislative history sheds no light on the purpose behind the same-jury requirement, which existed from the time of the statute's 1874 enactment. (Code Amends. 1873-1874 (Pen.Code), ch. 614, § 50, p. 439; Saunders, supra, 5 Cal.4th at pp. 587-588, 20 Cal.Rptr.2d 638, 853 P.2d 1093.) However, we do perceive a possible and obvious reason for the same-jury requirementjudicial economy.
By requiring the same jury to decide both issues of guilt and alleged prior convictions, section 1025, subdivision (b) saves the state courts the additional time and cost of having to impanel two juries in countless criminal trials. (See People v. Owens (1980) 112 Cal.App.3d 441, 447, 169 Cal.Rptr. 359.) The savings in time and cost are no doubt significant compared to the "little, if any, time" saved from having a unitary rather than a bifurcated trial. (People v. Calderon (1994) 9 Cal.4th 69, 77, 36 Cal.Rptr.2d 333, 885 P.2d 83 (Calderon) [in a bifurcated trial, a not guilty verdict obviates the need for later proving the alleged prior conviction].) Indeed, we believe that the aggregate savings from all criminal trials subject to section 1025 must be staggering. Thus, we find the "state's legitimate interest in conserving judicial resources" sufficiently explains, and perhaps justifies, the same-jury requirement under section 1025, subdivision (b). (Calderon, supra, 9 Cal.4th at p. 77, 36 Cal.Rptr.2d 333, 885 P.2d 83.)
However, a defendant's interests, which obviously are not in saving the state time or money, may not be advanced by having the same jury. Frequently, a defendant would prefer not to have the same jury under section 1025, subdivision (b). "In most instances, a defendant is benefitted by having a new jury determine the truth of alleged prior convictions, because the new jury will not have heard the evidence supporting the defendant's conviction of the current charges." (Saunders, supra, 5 Cal.4th at p. 596, 20 Cal.Rptr.2d 638, 853 P.2d 1093.) Moreover, in a unitary trial, where a jury decides the truth of alleged prior convictions at the same time it decides the issue of guilt, "`there is the serious danger that the jury will conclude that defendant has a criminal disposition and thus probably committed the presently charged offense.'" (Calderon, supra, 9 Cal.4th at p. 75, 36 Cal.Rptr.2d 333, 885 P.2d 83.)
Although the same-jury requirement under section 1025, subdivision (b) may not particularly inure to defendant's benefit, we cannot conclude thereby that defendant has no right to invoke the statute. (Saunders, supra, 5 Cal.4th at p. 591, 20 Cal.Rptr.2d 638, 853 P.2d 1093.) Nowhere does section 1025 provide that only at the prosecution's request, or through the trial court's order or exercise of discretion, shall the same jury decide both the issue of guilt and the truth of alleged prior convictions. (Saunders, supra, 5 Cal.4th at pp. 591-592, 20 Cal.Rptr.2d 638, 853 P.2d 1093.) The statute is clear in its *538 procedural instructions-the same jury that decides the issue of guilt shall also decide the truth of the alleged prior convictions, unless jury trial is waived. (§ 1025, subd. (b).) Indeed, because a defendant may forfeit the right to have the same jury under section 1025 (Saunders, supra, 5 Cal.4th at p. 591, 20 Cal.Rptr.2d 638, 853 P.2d 1093), he thus possesses that right and may forfeit, waive, or invoke it.[5]
Moreover, as noted, section 1025 has been part of this state's framework of criminal procedure for over a century. (See ante, 102 Cal.Rptr.2d at p. 537, 14 P.3d at p. 210.) Even though the Legislature has amended several times (in addition to repealing and reenacting) the statute, it has not eliminated the same-jury requirement. (See Saunders, supra, 5 Cal.4th at p. 587, fn. 2, 20 Cal.Rptr.2d 638, 853 P.2d 1093; see also Kelii, supra, 21 Cal.4th at p. 457, 87 Cal.Rptr.2d 674, 981 P.2d 518.) To the contrary, the Legislature has taken steps to ensure that the court does not prematurely discharge the jury. In 1988, the Legislature amended section 1164 to add subdivision (b), which requires the trial court, before discharging the jury, to first verify that the jury has decided all issues before it. (Stats.1988, ch. 413, § 1, p. 1780.) "No jury shall be discharged until the court has verified on the record that the jury has either reached a verdict or has formally declared its inability to reach a verdict on all issues before it, including, but not limited to, . . . the truth of any alleged prior conviction whether in the same proceeding or in a bifurcated proceeding." (§ 1164, subd. (b), italics added.) Section 1164 "is expressly qualified by the need to retain the jury to decide the truth of prior felony allegations." (Valladoli, supra, 13 Cal.4th at p. 601, 54 Cal.Rptr.2d 695, 918 P.2d 999.)
We are not persuaded by the mandatory-directory distinction the dissent raises. (Dis. opn., post, 102 Cal.Rptr.2d at pp. 545-547, 14 P.3d at pp. 218-220.) We do not perceive a clear legislative intent that section 1025, subdivision (b)'s requirement that the same jury decide both the issue of guilt and the truth of any priors is directory, particularly in light of other statutes which further ensure compliance with the same-jury requirement (§ 1164, subd. (b)), and without readily dismissing the laudable "public purpose" of judicial economy in this situation. (Morris v. County of Marin (1977) 18 Cal.3d 901, 910, 136 Cal.Rptr. 251, 559 P.2d 606.) Indeed, whether a statute imposes a sanction for its noncompliance is not dispositive in this context, which does not concern specific time limits. (See e.g., California Correctional Peace Officers Assn. v. State Personnel Bd. (1995) 10 Cal.4th 1133, 1145, 43 Cal. Rptr.2d 693, 899 P.2d 79 ["`cases have suggested that a time limitation is deemed merely directory "unless a consequence or penalty is provided for failure to do the act within the time commanded"'"]; Malengo v. Municipal Court (1961) 56 Cal.2d 813, 816, 17 Cal.Rptr. 10, 366 P.2d 453 [§ 1050, "providing for the time for trial of criminal cases, is directory only and contains no provision for the dismissal of a case when its terms are not complied with"]; People v. Marshall (1930) 209 Cal. 540, 546, 289 P. 629 [same]; Ray v. Superior Court (1929) 208 Cal. 357, 359, 281 P. 391 [same]; People v. Flores (1978) 152 Cal.Rptr. 896, 90 Cal.App.3d Supp. 1, 9 [same].)
Likewise, we are not convinced by the dissent's reliance on a portion of the legislative history of section 969a, which originally allowed the prosecution to file a supplemental information adding prior conviction allegations after sentencing as long as a defendant's sentence had not yet expired. (Valladoli supra, 13 Cal.4th *539 at pp. 603-604, 54 Cal.Rptr.2d 695, 918 P.2d 999; dis. opn., post, 102 Cal.Rptr.2d at p. 547, 14 P.3d at p. 220.) Given this was "an aspect of the 1927 version of the statute that did not survive to the present day," but was eliminated shortly thereafter in 1931 (Valladoli, supra, 13 Cal.4th at p. 603, 54 Cal.Rptr.2d 695, 918 P.2d 999), we do not ascribe the same importance as does the dissent to this aspect of the original statute for purposes of the present controversy. (Dis. opn., post, at p. 547, 14 P.3d at p. 220.)
Under the circumstances of this case, we conclude that in light of section 1025, subdivision (b), the trial court acted in excess of its jurisdiction by permitting the amendment to add previously unalleged prior convictions after discharging the jury. (See Abelleira v. District Court of Appeal (1941) 17 Cal.2d 280, 288, 109 P.2d 942.) A court acts in excess of its jurisdiction when "it has no `jurisdiction' (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites." (Ibid.) Contrary to the Court of Appeal's assertion, a defendant's right to have the same jury under section 1025, subdivision (b) is not a statutory preference, but a "procedural requirement." (Saunders, supra, 5 Cal.4th at p. 590, 20 Cal.Rptr.2d 638, 853 P.2d 1093.) Therefore, although the prosecution may amend an information to add alleged prior convictions on the trial court's order until sentencing (Valladoli supra, 13 Cal.4th at pp. 605-606, 54 Cal. Rptr.2d 695, 918 P.2d 999), the court may not permit such an amendment if the jury has been discharged, unless the defendant waives or forfeits the right to have the same jury try both guilt and priors.[6] (§ 1025, subd. (b); Saunders, supra, 5 Cal.4th at p. 591, 20 Cal.Rptr.2d 638, 853 P.2d 1093.)
In this case, the Court of Appeal disregarded the "procedural requirement" of section 1025 (Saunders, supra, 5 Cal.4th at p. 590, 20 Cal.Rptr.2d 638, 853 P.2d 1093), instead finding nothing in the plain language of section 969a that prohibited the trial court from allowing the information to be amended after the jury was discharged. Relying on Valladoli, the Court of Appeal applied an abuse of discretion standard to determine whether the postdischarge amendment was proper. (Valladoli supra, 13 Cal.4th at pp. 607-608, 54 Cal. Rptr.2d 695, 918 P.2d 999, fn. omitted.) It concluded that "under Saunders and Valladoli that right [under section 1025] is not absolute where there was good cause to empanel a different jury." Neither Valladoli, supra, 13 Cal.4th 590, 54 Cal.Rptr.2d 695, 918 P.2d 999, nor Saunders, supra, 5 Cal.4th 580, 20 Cal.Rptr.2d 638, 853 P.2d 1093, compels this conclusion.
In contrast to this case, the jury in Valladoli had not been discharged when the prosecution moved after the verdict to add the prior felony conviction enhancements that were inadvertently omitted from the information. After finding section 969a to be controlling, and examining its plain language and legislative history, we concluded in Valladoli that section 969a authorized postverdict, presentencing amendments to charge prior felony convictions that were previously known, newly discovered, or omitted through clerical error. (Valladoli supra, 13 Cal.4th at pp. 605-606, 54 Cal.Rptr.2d 695, 918 P.2d 999.) However, we also recognized a trial court has the discretion to permit or deny such *540 an amendment. (Id. at pp. 606, fn. 3, 607, 54 Cal.Rptr.2d 695, 918 P.2d 999.) To guide trial courts in exercising this discretion, we urged them to scrutinize five nonexclusive factors. (Id at pp. 607-608, 54 Cal.Rptr.2d 695, 918 P.2d 999.)
Citing section 1025, we included among these factors whether the jury had already been discharged. (Valladoli, supra, 13 Cal.4th at pp. 607-608, 54 Cal.Rptr.2d 695, 918 P.2d 999.) Indeed, in rejecting defendant Valladoli's due process claim, we observed that "[significantly, at the time of amendment the jury had not yet been discharged." (Id at p. 608, fn. 4, 54 Cal. Rptr.2d 695, 918 P.2d 999, and see accompanying text.) Contrary to respondent Attorney General's contention, we did not suggest jury discharge to be "immaterial" in Valladoli, which was consistent with our declining to express an opinion on whether section 969a amendments are limited by other statutes, such as section 1025. (Valladoli supra, 13 Cal.4th at p. 608, fn. 4, 54 Cal.Rptr.2d 695, 918 P.2d 999.)
Saunders, which did not involve previously unalleged prior convictions, also does not help the Attorney General's position. In Saunders, the defendant requested that the trial of the substantive offenses be bifurcated from the prior conviction allegations. After the jury returned a guilty verdict on the burglary charge, the trial court discharged it and continued the case to the next day. (Saunders, supra, 5 Cal.4th at p. 586, 20 Cal.Rptr.2d 638, 853 P.2d 1093.) The defendant, who was represented by substitute counsel at that time, did not object to the jury's discharge. The following day, the defendant's trial counsel appeared, and the defendant waived jury trial on the prior conviction allegations. After the court found the allegations true, defense counsel learned that the jury had been discharged before the defendant waived jury trial. Defense counsel objected, claiming she would not have advised the defendant to waive jury trial had she known th
e jury was discharged after returning its verdict. (Id at pp. 586-587, 20 Cal.Rptr.2d 638, 853 P.2d 1093.) The trial court permitted the defendant to withdraw his waiver, and a newly impaneled jury found the prior conviction allegations true. (Id. at p. 587, 20 Cal.Rptr.2d 638, 853 P.2d 1093.)
We found the trial court violated sections 1025 and 1164, subdivision (b), by discharging the jury before it determined the truth of the prior conviction allegations. (Saunders, supra, 5 Cal.4th at pp. 591-592, 20 Cal.Rptr.2d 638, 853 P.2d 1093.) However, we rejected the defendant's claim that he was entitled to relief based on his section 1025 right to have the same jury that decided the guilt issue. (Saunders, supra, 5 Cal.4th at p. 591, 20 Cal.Rptr.2d 638, 853 P.2d 1093.) "He forfeited that right by failing to object in a timely fashion when the jury was discharged." (Ibid.) We emphasized that "a defendant may not complain on appeal of a departure from this procedural requirement unless the error has been brought to the attention of the trial court by means of a timely and specific objection." (Id at p. 590, 20 Cal.Rptr.2d 638, 853 P.2d 1093.) However, we did not suggest that, in the absence of the defendant's forfeiture or waiver, his statutory right to have the same jury decide both the guilt issue and the sentencing allegations was ineffectual or unprotected. Defendant here did not fail to object, but lodged a continuing objection to the postdischarge amendment.
The Attorney General, however, emphasizes that section 969a's underlying policy allowing permissive amendmentsto ensure a defendant will not "`escape the consequences'" of his or her prior conductwill be undermined by prohibiting postdischarge amendments. (Valladoli, supra, 13 Cal.4th at p. 603, 54 Cal.Rptr.2d 695, 918 P.2d 999.) He contends section 969a and former section 969 (now § 969.5) [7] should be interpreted similarly Saunders and Vera. (Cf. dis. opn., post, 102 Cal.Rptr.2d at pp. 546-547, 14 P.3d al pp. 218-220.) *541 "to prevent the creation of anomalous rules and improper incentives for convicted defendants."
For instance, section 969.5, as a parallel provision to section 969a, applies when a defendant pleads guilty or nolo contendere to the underlying offense. (See Valladoli, supra, 13 Cal.4th at pp. 601-602, 54 Cal. Rptr.2d 695, 918 P.2d 999 [interpreting former § 969 1/2 in part].) Section 969.5, subdivision (b) states, in pertinent part: "[T]he question of whether or not the defendant has suffered the prior conviction shall be tried by a jury impaneled for that purpose unless a jury is waived, in which case it may be tried by the court." In contrast to section 969a, section 969.5 is not limited by section 1025, subdivision (b)'s requirement that the same jury decide both the issue of guilt and the truth of any prior conviction allegations. The reason for this is simple: when a defendant enters a guilty or nolo contendere plea, there is no jury "that tries the issue upon the plea of not guilty" that could be prematurely discharged before deciding the prior conviction allegations. (§ 1025, subd. (b); see also § 1164.) Therefore, if a defendant pleads guilty or nolo contendere, the prosecution may, on the court's order, amend the information to add previously unalleged prior convictions until sentencing. (§ 969.5, subd. (a); see Valladoli, supra, 13 Cal.4th at p. 602, 54 Cal.Rptr.2d 695, 918 P.2d 999.)
The same result may occur if a defendant waives a jury trial on the charged offense and/or on the alleged prior conviction or admits the latter. (§ 1025, subds.(b) & (e).) In these circumstances, section 1025 does not prohibit amendment of the information before sentencing because an impaneled jury is not required to decide both the issue of guilt and the truth of any prior conviction allegations. There is no risk that a jury will be prematurely discharged in contravention of section 1025 and section 1164. (See also § 1025, subd. (c); Kelii, supra, 21 Cal.4th at p. 454, 87 Cal.Rptr.2d 674, 981 P.2d 518; Wiley, supra, 9 Cal.4th at p. 592, 38 Cal. Rptr.2d 347, 889 P.2d 541.)
However, we do not find the foregoing situations constitute anomalies, which may result from the interpretation of section 969a and section 1025, subdivision (b), in this case. As noted, depending on a defendant's plea or waiver of a jury, the prosecution may or may not be permitted to add prior conviction allegations after a jury is discharged. These resulting differences, however, are not anomalies based on perceived internal inconsistencies between related statutes that must be construed together and reconciled accordingly. (Valladoli, supra, 13 Cal.4th at pp. 601-602, 54 Cal.Rptr.2d 695, 918 P.2d 999.) Rather, any divergence results from the factual circumstance that a defendant pleads not guilty and does not waive jury trial of alleged prior convictions, which may implicate section 1025, subdivision (b).
We are also not persuaded by the Attorney General's contention that prohibiting postdischarge amendments will give defendants "an incentive to waive their jury trial right quickly to prevent their being correctly sentenced." (See Valladoli supra, 13 Cal.4th at p. 602, 54 Cal.Rptr.2d 695, 918 P.2d 999.) In other words, those defendants who know the prosecution has not alleged all of their prior convictions will waive a jury trial on the priors, causing the guilt phase jury to be discharged. If the prosecution seeks to amend the information to add the prior conviction allegations, the defendants will assert that they waived a jury without full knowledge of the alleged prior convictions, and they will seek to withdraw the waiver and impanel another jury. Consequently, they will not have the same jury, as required under section 1025, subdivision (b). Under defendant's interpretation of this provision, the prosecution may not be permitted to add previously unalleged prior convictions.
*542 Though not entirely without merit, the Attorney General's argument loses force when we consider the realities of this incentive. To take unfair advantage of section 1025, subdivision (b), a defendant must plead not guilty, undergo the trial of the alleged underlying offenses, and be found guilty. During this entire time, the prosecution must fail to allege all of the defendant's prior convictions. Only then does a defendant's incentive to waive jury trial on the priors arguably become manifest.
In contrast, a defendant would have a clear motivation and effective means to prevent being correctly sentenced by quickly pleading guilty, "thereby limiting the amount of time the prosecutor has to investigate, discover, and charge the accused's prior felony convictions." (Valladoli, supra, 13 Cal.4th at p. 602, 54 Cal. Rptr.2d 695, 918 P.2d 999 [interpreting former § 96956].) In that situation, where a defendant's incentive is obvious and problematic, section 1025, subdivision (b) does not otherwise limit an amendment before sentencing. (See ante, 102 Cal. Rptr.2d at pp. 540-541, 14 P.3d at pp. 213-215.) However, we do not find a defendant's incentive to waive jury trial on prior conviction allegations similarly compelling to justify disregarding section 1025, subdivision (b)'s limitation. Contrary to the Attorney General's suggestion, prohibiting a postdischarge amendment still gives the prosecution a fair opportunityuntil the conclusion of the guilt phase trialto add previously unalleged prior convictions.
Moreover, we agree that although defendants are most familiar with their own criminal records, they are not likely to alert the prosecution that it has failed to allege some prior convictions, which invariably would increase their sentences. (In re Yurko (1974) 10 Cal.3d 857, 862, 112 Cal.Rptr. 513, 519 P.2d 561.) However, a defendant who takes advantage of the prosecution's omission by waiving jury trial on the prior conviction allegations will also have to forgo the "various procedural guaranties" that accompany the right to a jury trial under section 1025 (People v. Monge (1997) 16 Cal.4th 826, 833-834, 66 Cal.Rptr.2d 853, 941 P.2d 1121 (plur. opn. of Chin, J.) (Monge), affd. sub nom. Monge v. California, supra, 524 U.S. 721, 118 S.Ct. 2246, 141 L.Ed.2d 615 [reasonable doubt standard for proving prior conviction allegations, privilege against self-incrimination, application of rules of evidence, confrontation and cross-examination of witnesses] ), which the jury will have heeded with its "full and independent consideration." (People v. Peters (1982) 128 Cal.App.3d 75, 91, 180 Cal.Rptr. 76 [discussing in part a defendant's right to a unanimous verdict].) Thus, we hesitate to characterize a defendant's incentive to waive the right to a jury trial as without adverse consequences.
The Attorney General also argues that the reasoning of Monge compels the conclusion that the postdischarge amendment made here is proper. We disagree. In Monge, we considered only state and federal double jeopardy protections and whether they applied to proceedings on prior conviction allegations. (Monge, supra, 16 Cal.4th at pp. 843-845, 66 Cal. Rptr.2d 853, 941 P.2d 1121.) Rejecting defendant Monge's constitutional claims, we expressed no view on whether section 1025 or any other applicable section precluded retrial of prior conviction allegations. (Monge, supra, 16 Cal.4th at p. 845, 66 Cal.Rptr.2d 853, 941 P.2d 1121.) Moreover, Monge's circumstance of a retrial on prior conviction allegations is a procedural posture arguably distinguishable from this case.[8] Thus, we do not find Monge lends *543 support on the present statutory issue whether an amendment to add prior conviction allegations may be made after a jury has been discharged. (See § 1025, subd. (b); Saunders, supra, 5 Cal.4th at p. 592, fn. 8, 20 Cal.Rptr.2d 638, 853 P.2d 1093 ["`an opinion is not authority for a proposition not therein considered'"].)
Moreover, we observe that in this case, section 1025's limitation on a postdischarge amendment was not accomplished by way of a "procedural trap." (Saunders, supra, 5 Cal.4th at p. 590, 20 Cal.Rptr.2d 638, 853 P.2d 1093.) Here, defendant waived jury trial before the prosecution amended the information to add three prior felony convictions. This amendment increased his possible sentence from four years to 25 years to life in prison. As noted, the trial court allowed defendant to withdraw his previous waiver "[o]ut of a sense of fairness." In contrast, the defendant in Saunders did not face previously unalleged prior convictions. He simply "changed his mind" about waiving jury trial on advice of counsel, and the trial court permitted him to withdraw his waiver. (Id. at p. 591, 20 Cal.Rptr.2d 638, 853 P.2d 1093.)
Although section 969a may allow amendments until sentencing on court order (Valladoli supra, 13 Cal.4th at p. 605, 54 Cal.Rptr.2d 695, 918 P.2d 999), other applicable provisions may limit these amendments. A contrary interpretation would suggest that amendments under section 969a are mandatory until sentencing, which is contradicted by the provision's discretionary term "may," and the requirement that amendments "shall be made upon the order of the court" (§ 969a), guided by factors we articulated in Valladoli, supra, 13 Cal.4th at pages 607-608, 54 Cal.Rptr.2d 695, 918 P.2d 999. Although prohibiting postdischarge amendments will prevent the prosecution in certain cases from charging defendants with all their prior convictions (§ 969), we do not find this circumstance distinctly unjust, when the prosecution has what we consider a fair opportunity, i.e., until the conclusion of the guilt phase trial, to discover and charge the prior convictions.
Notwithstanding section 969a's intent "that all known prior felony convictions of an accused be pleaded" (Valladoli supra, 13 Cal.4th at p. 602, 54 Cal.Rptr.2d 695, 918 P.2d 999), we decline to adopt any interpretation that would deny a defendant's long-established statutory right under section 1025, subdivision (b), which we recently reaffirmed in Vera, supra, 15 Cal.4th at page 276, 62 Cal.Rptr.2d 754, 934 P.2d 1279 ("Section 1025 establishes a defendant's right to jury trial of alleged prior convictions by the same jury which determines guilt of the substantive offenses"). Without clear legislative intent to the contrary, we choose not to allocate greater significance to section 969a over section 1025, or vice versa. (See Nickelsberg v. Workers' Comp. Appeals Bd. (1991) 54 Cal.3d 288, 298, 285 Cal.Rptr. 86, 814 P.2d 1328 ["statutes should be interpreted in such a way as to make them consistent with each other, rather than obviate one another"].) In this regard, prohibiting postdischarge amendments strikes a fair balance between section 1025 and section 969a. To add previously unalleged prior convictions under section 969awhere a defendant has not waived or forfeited his or her right to a jury trial on the prior conviction allegationsthe prosecution has until the conclusion of the guilt phase trial to do so upon court order, consistent with section 1025, subdivision (b).
Whether the Legislature considered the single-jury requirement in subdivision (b) of section 1025 to be of less importance in light of a recent amendment to another subdivision in that section and case law concerning separate, distinct issues (dis. opn., post, 102 Cal.Rptr.2d at p. 547-548, 14 P.3d at p. 220-221), is not apparent. Thus, we must interpret section 1025, subdivision (b) as we find it, requiring the *544 same jury to decide both the issue of a defendant's guilt and the truth of any prior conviction allegations in the absence of a defendant's waiver or forfeiture. (See Kelii, supra, 21 Cal.4th at p. 459, 87 Cal. Rptr.2d 674, 981 P.2d 518.) Moreover, although section 667, subdivision (b) provides that it is the Legislature's intent "in enacting subdivisions (b) to (i), inclusive, to ensure longer prison sentences and greater punishment" for those defendants with prior convictions, we doubt that this necessarily includes an intent that the provision, along with section 969a, trump all other statutory directives such as section 1025, subdivision (b). Indeed, our interpretation of section 1025, subdivision (b) does not entirely nor substantially prohibit the prosecution from amending an information to add prior conviction allegations. Our interpretation, however, sets a reasonable time frame within which the prosecution may find and charge a defendant's prior convictions.[9]
In light of the foregoing, we conclude that in the absence of a defendant's forfeiture or waiver, section 1025, subdivision (b) requires that the same jury that decided the issue of a defendant's guilt "shall" also determine the truth of alleged prior convictions. Because a jury cannot determine the truth of the prior conviction allegations once it has been discharged (see People v. Hendricks (1987) 43 Cal.3d 584, 597, 238 Cal.Rptr. 66, 737 P.2d 1350), it follows that the information may not be amended to add prior conviction allegations after the jury has been discharged. Thus, under the circumstances of this case, we find that the postdischarge amendment, which increased defendant's prison sentence from four years to 25 years to life, was erroneous. The prejudice to defendant is manifest.
Finally, we disagree with defendant's suggestion that we adopt a due diligence standardwhether or not the jury has been dischargedthat the prosecution must satisfy before it may amend the information.[10] As the Attorney General correctly notes, this due diligence standard does not comport with our decision in Valladoli Although we did not decide the section 1025 issue in that case (Valladoli supra, 13 Cal.4th at p. 608, fn. 4, 54 Cal. Rptr.2d 695, 918 P.2d 999), we observed that the prosecution may amend the information under section 969a to charge prior convictions that were previously known, newly discovered, or omitted through clerical error. (Valladoli supra, 13 Cal.4th at p. 606, 54 Cal.Rptr.2d 695, 918 P.2d 999; see ante, 102 Cal.Rptr.2d at p. 539-540, 14 P.3d at p. 212-213.) Plainly, a due diligence standard is not required. Contrary to defendant's suggestion, we see no basis to reconsider Valladoli.
Moreover, because we find the postdischarge amendment was improper under section 1025, subdivision (b), we decline to consider defendant's claims that such amendment also violated defendant's protection against double jeopardy, and his rights under the due process clause of the state and federal Constitutions. (See De Lancie v. Superior Court (1982) 31 Cal.3d 865, 877, fn. 13, 183 Cal.Rptr. 866, 647 P.2d 142 ["courts should avoid resolving constitutional issues if a case can be decided on statutory grounds"].)

*545 Disposition
For reasons set forth above, we conclude the trial court erred by allowing a section 969a amendment after discharging the jury, in violation of section 1025, subdivision (b). Accordingly, we reverse the Court of Appeal's judgment affirming that order and remand this action to the Court of Appeal for further proceedings consistent with this opinion.
GEORGE, C.J., MOSK, J., KENNARD, J., and WERDEGAR, J., concur.
Dissenting Opinion by BROWN, J.
The majority has created a jurisdictional mountain out of a procedural molehill. A statute enacted almost a century ago most likely, as the majority concedes, for reasons of judicial economynow categorically forecloses the prosecution from alleging belatedly discovered serious prior convictions simply because the trial court discharged the jury that tried the underlying issues of guilt. The prosecution is thus foreclosed despite the unambiguous statutory authorization to make such allegations]" [w]henever it shall be discovered that a pending indictment or information does not charge all prior felonies of which the defendant has been convicted either in this State or elsewhere. . . ." (Pen.Code, § 969a (hereafter all unspecified statutory references are to the Penal Code).) The majority's holding also contravenes "the intent of the People of the State of California . . . to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses." (Ballot Pamp., Gen. Elec. (Nov. 8, 1994) text of Prop. 184, p. 64.) I dissent.
The majority's interpretation of section 1025 depends upon a narrow and incomplete reading of the text. Inferentially, the majority concludes that "shall" denotes a mandatory requirement and on that basis invokes a jurisdictional bar for failurein the absence of waiver or forfeitureto have a single jury decide both guilt and prior conviction allegations. This conclusion is unsupported by the terms of the statute and likely legislative intent, particularly when considered in light of section 969a, the three strikes law, and the recent amendments to section 1025. It is also at odds with recent decisional authority of this court.
To begin, unlike some codes (see, e.g., Gov.Code, § 14), the Penal Code does not dictate that "shall" is always mandatory. Rather, apart from words and phrases specifically defined, which do not include "shall," section 7, subdivision 16 provides that "[w]ords and phrases must be construed according to the context and the approved usage of the language; but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in law, must be construed according to such peculiar and appropriate meaning."
Contrary to the majority, I find "shall" in this context more reasonably construed as directory rather than mandatory. "[T]he `directory' or `mandatory' designation does not refer to whether a particular statutory requirement is `permissive' or `obligatory,' but instead simply denotes whether the failure to comply with a particular procedural step will or will not have the effect of invalidating the governmental action to which the procedural requirement relates." (Morris v. County of Marin (1977) 18 Cal.3d 901, 908, 136 Cal.Rptr. 251, 559 P.2d 606; see generally 1A Sutherland, Statutory Construction (5th ed.1993) pp. 763-769.) Thus, "[a] statutory requirement may impose on the state a duty to act in a particular way, and yet failure to do so may not void the governmental action taken in violation of the duty. [Citations.]" (In re Richard S. (1991) 54 Cal.3d 857, 865, 2 Cal.Rptr.2d 2, 819 P.2d 843.) "If the action is invalidated, the requirement will be termed `mandatory.' If not, it is `directory' only." (California Correctional Peace Officers *546 Assn. v. State Personnel Bd. (1995) 10 Cal.4th 1133, 1145, 43 Cal.Rptr.2d 693, 899 P.2d 79.)
Whether the Legislature intended a particular statute to impose a mandatory duty "is a question of interpretation for the courts. [Citations.]" (Nunn v. State of California (1984) 35 Cal.3d 616, 624, 200 Cal.Rptr. 440, 677 P.2d 846.) "In determining whether statutory language is mandatory or directory, `"[i]n the absence of express language, the intent must be gathered from the terms of the statute construed as a whole, from the nature and character of the act to be done, and from the consequences which would follow the doing or failure to do the particular act at the required time. [Citation.] When the object is to subserve some public purpose, the provision may be held directory or mandatory as will best accomplish that purpose [citation][Citations.]" (In re Richard S., supra, 54 Cal.3d at pp. 865-866, 2 Cal.Rptr.2d 2, 819 P.2d 843.) "`It is, of course, difficult to lay down a general rule to determine in all cases when the provisions of a statute are merely directory and when mandatory or imperative, but of all the rules mentioned, the test most satisfactory and conclusive is whether the prescribed mode of action is of the essence of the thing to be accomplished, or, in other words, whether it relates to matters material or immaterialto matters of convenience or of substance.'" (Francis v. Superior Court (1935) 3 Cal.2d 19, 28, 43 P.2d 300; see, e.g., id. at pp. 28-29, 43 P.2d 300; see also California Correctional Peace Officers Assn. v. State Personnel Bd, supra, 10 Cal.4th at p. 1145, 43 Cal. Rptr.2d 693, 899 P.2d 79 [identifying a "`variety of tests'" for making mandatory/directory determination].) Courts also consider "[f]ailure to provide for a consequence or penalty for noncompliance [to] strongly suggest[] that the provision is merely directory. [Citation.]" (Meridian Ocean Systems, Inc. v. State Lands Com. (1990) 222 Cal.App.3d 153, 168, 271 Cal. Rptr. 445; Nunn v. State of California, supra, 35 Cal.3d at p. 625, 200 Cal.Rptr. 440, 677 P.2d 846; see also Ryan v. Byram (1935) 4 Cal.2d 596, 603-604, 51 P.2d 872; see, e.g., Mission Housing Development Co. v. City and County of San Francisco (1997) 59 Cal.App.4th 55, 75, 69 Cal. Rptr.2d 185.)
These principles apply equally to construction of the Penal Code, as sections 1050 and 1382 illustrate. Section 1050 states the trial court "shall" proceed according to specified directives with respect to trial setting and continuances. For example, section 1050, subdivision (e) currently provides that "[continuances shall be granted only upon a showing of good cause." The statute also formerly directed that "[t]he court shall set all criminal cases for trial for a date not later than thirty days after the date of entry of the plea of the defendant." (Stats.1927, ch. 600, § 1, p. 1036.) Nevertheless, appellate courts have uniformly construed this language as "not mandatory, but . . . directory only" because it contains no sanction for noncompliance. (People v. Flores (1978) 90 Cal.App.3d Supp. 1, 9, 152 Cal.Rptr. 896; Malengo v. Municipal Court (1961) 56 Cal.2d 813, 816, 17 Cal.Rptr. 10, 366 P.2d 453; People v. Marshall (1930) 209 Cal. 540, 546, 289 P. 629; Ray v. Superior Court (1929) 208 Cal. 357, 358-359, 281 P. 391.) By contrast, section 1382, subdivision (a), requires that the court "shall order the action to be dismissed" for noncompliance with specified time limits for commencing trial and has been construed as mandatory in light of the express sanction for noncompliance. (Flores, at p. Supp. 9, 152 Cal.Rptr. 896.)
By any of the foregoing measures, section 1025 is more reasonably construed as directory rather than mandatory. While the statute may set forth a "procedural requirement" (People v. Saunders (1993) 5 Cal.4th 580, 590, 20 Cal.Rptr.2d 638, 853 P.2d 1093), it does not prescribe any remedy for noncompliance much less a jurisdictional bar.
*547 The majority's analysis is also inconsistent with this court's recent decisional authority. In People v. Saunders, supra, 5 Cal.4th 580, 20 Cal.Rptr.2d 638, 853 P.2d 1093, the court held that a defendant's failure to object to discharge of the jury prior to its determination of any prior convictions waived the statutory right to have a single jury resolve both guilt and priors issues. (Id at p. 589, 20 Cal. Rptr.2d 638, 853 P.2d 1093; cf. § 1164 [precluding discharge until the court has verified the jury has reached or is unable to reach a verdict on all issues including the truth of any alleged priors].) In People v. Vera (1997) 15 Cal.4th 269, 272, 62 Cal.Rptr.2d 754, 934 P.2d 1279, the court determined that the trial court did not violate section 1025 by failing to obtain an "express, personal waiver" of the statutory right to jury trial on prior conviction allegations when the defendant did not object to discharge of the jury that determined his guilt on the underlying offenses. (Vera, at p. 274, 62 Cal.Rptr.2d 754, 934 P.2d 1279.) The court reached this conclusion in part because the right to a jury trial of prior conviction allegations is statutory only and does not implicate any constitutional guarantees. (Id at pp. 276-279, 62 Cal.Rptr.2d 754, 934 P.2d 1279; see People v. Wiley (1995) 9 Cal.4th 580, 585-586, 38 Cal.Rptr.2d 347, 889 P.2d 541.) A jurisdictional bar generally will not accommodate waiver or forfeiture. (Cf. Cowan v. Superior Court (1996) 14 Cal.4th 367, 58 Cal.Rptr.2d 458, 926 P.2d 438.)
Moreover, the majority's holding conflicts with the legislative history of section 969a as outlined in People v. Valladoli (1996) 13 Cal.4th 590, 602-606, 54 Cal. Rptr.2d 695, 918 P.2d 999. There, the court noted that as originally enacted, section 969a not only mandated amendment to include additional prior conviction allegations but authorized such amendment after sentencing as long as the defendant's sentence had not yet expired. (Valladoli, at pp. 603-604, 54 Cal.Rptr.2d 695, 918 P.2d 999.) At the same time, the Legislature was presumptively aware section 1025 provided for a single jury to decide both guilt and prior conviction allegations. Implicitly, the Legislature could not have intended "shall" in section 1025 to be mandatory while allowing for the addition of priors allegations after discharge of the original jury. Harmonizing section 1025 with the original provisions of section 969a, the only reasonable conclusion is that the Legislature understood "shall" to be directory, with no sanction for failure to provide a unitary jury in this circumstance.
With respect to the legislative intent of section 1025, as the majority acknowledges, a plausible purpose in having the same jury try both guilt and prior conviction allegations was to conserve judicial resources, not to benefit defendants. (Cf. § 1098 [statutory preference for joint trials].) Thus, the "`material'"matter or" `substance'" of the statute (Francis v. Superior Court, supra, 3 Cal.2d at p. 28, 43 P.2d 300) does not require a single jury; no legislative goal is displaced or compromised by having a second jury determine the truth of prior conviction allegations. The same result would be necessary if the original jury could not reach a unanimous verdict as to the priors. The primary benefit to defendants, i.e., "`the essence of the thing to be accomplished'" (ibid.), was most likely according any right to jury trial on the truth of the priors. This intent is accommodated as long as some jury, whether original or subsequent, resolves the issue of prior conviction allegations.
Counter to the majority's holding, the Legislature, seconded by the voters, has of late made clear its intent "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses." (§ 667, subd. (b).) To this end, section 969a ensures that the indictment or information may, in the trial court's discretion, be amended to allege prior convictions "[w]henever it shall be discovered" they have been omitted. (See *548 also § 667, subd. (g); People v. Valladoli supra, 13 Cal.4th at pp. 602-603, 54 Cal. Rptr.2d 695, 918 P.2d 999.) As this case illustrates, the majority's reasoning fundamentally undermines this goal.
The Legislature has also narrowed the jury's function with respect to determining the truth of prior conviction allegations. Section 1025, subdivision (c) now provides that "the court without a jury" shall decide "whether the defendant is the person who has suffered the prior conviction. . . ." The court also determines whether prior serious felony convictions were brought and tried separately (People v. Wiley, supra, 9 Cal.4th at p. 592, 38 Cal.Rptr.2d 347, 889 P.2d 541) and whether a prior felony conviction qualifies as a "serious felony" for purposes of the three strikes law (People v. Kelii (1999) 21 Cal.4th 452, 454, 87 Cal.Rptr.2d 674, 981 P.2d 518). These limitations further minimize the likelihood a single-jury requirement was of paramount legislative concern. (See also id. at pp. 457-458, 87 Cal.Rptr.2d 674, 981 P.2d 518.)
The right to jury trial on priors allegations is wholly statutory; it assumes no constitutional dimension. (See People v. Vera, supra, 15 Cal.4th at p. 277, 62 Cal. Rptr.2d 754, 934 P.2d 1279; cf. People v. Wims (1995) 10 Cal.4th 293, 303-309, 41 Cal.Rptr.2d 241, 895 P.2d 77.) Nor does the impaneling of a second jury to determine added prior conviction allegations implicate the prohibition against double jeopardy. (People v. Saunders, supra, 5 Cal.4th at pp. 592-596, 20 Cal.Rptr.2d 638, 853 P.2d 1093.) To the extent particular circumstances may raise due process concerns, the trial court's exercise of its discretion to permit or deny belated amendment (§ 969a; see People v. Valladoli supra, 13 Cal.4th at p. 606, fn. 3, 54 Cal.Rptr.2d 695, 918 P.2d 999)guided by the considerations identified in People v. Valladoli supra, at pages 607-608, 54 Cal.Rptr.2d 695, 918 P.2d 999, and any other relevant factorsadequately safeguards the defendant's interests in fair notice and opportunity to be heard.
Without analysis, the majority assumes "shall" is mandatory and from that assumption infers the only remedy for noncompliance is to bar consideration of any prior allegations added after discharge of the jury that determined the defendant's guilt. These assumptions do not follow from either the statutory language or any decisional authority cited by the majority. Nor is a bar necessary to effectuate legislative intent to confer a statutory right to jury trial for prior convictions. That right may be preserved even if the original jury is discharged prior to amendment. Here, defendant received his jury trial. He offers only speculation and conjecture in support for his assertions of prejudice because the same panel did not determine both guilt and the priors, and logic suggests none.
Accordingly, I would affirm the judgment of the Court of Appeal.
BAXTER, J., concurs.
NOTES
[1] All further statutory references are to the Penal Code unless otherwise noted.
[2] Section 969a provides, in pertinent part: "Whenever it shall be discovered that a pending indictment or information does not charge all prior felonies of which the defendant has been convicted either in this State or elsewhere, said indictment or information may be forthwith amended to charge such prior conviction or convictions, and if such amendment is made it shall be made upon order of the court. . . ."
[3] Because defendant's crimes and sentencing preceded the January 1, 1998, effective date of the 1997 amendment (Stats. 1997, ch. 95, § 1), the issue here is governed by the preamendment version of section 1025, which was not divided into subdivisions. (People v. Kelii (1999) 21 Cal.4th 452, 457, 87 Cal.Rptr.2d 674, 981 P.2d 518 (Kelii).) As relevant here, the prior version of the statute provided: "[T]he question whether or not [the defendant] has suffered such previous conviction must be tried by the jury which tries the issue upon the plea of not guilty, or in case of a plea of guilty, by a jury impaneled for that purpose, or by the court if a jury is waived." (Stats. 1951, ch. 1674, § 88, p. 3844.) In order to provide future guidance and assistance, we shall refer to the current version of section 1025, which does not differ in any material respect from the prior version as relevant to the issue presented in this case.
[4] In this case, we do not consider whether a postdischarge amendment is proper after the guilt phase jury has been discharged, when the only contested issue in a defendant's trial on the alleged prior convictions is an issue to be decided by the court, and not the jury. (See § 1025, subd. (c); see also Kelii, supra, 21 Cal.4th at p. 454, 87 Cal.Rptr.2d 674, 981 P.2d 518; Wiley, supra, 9 Cal.4th at p. 592, 38 Cal.Rptr.2d 347, 889 P.2d 541.)
[5] We are not confronted with, and thus do not consider, the situation where a defendant waives or forfeits the right under section 1025, subdivision (b), but the trial court and/or the prosecution seek to invoke that provision. Whether the same jury must decide both the issue of guilt and the truth of alleged prior convictions, in the face of a defendant's waiver or forfeiture, is a question for another day.
[6] Contrary to the dissent's suggestion, this is not a case where a court lacks fundamental subject matter jurisdiction, which cannot be conferred by waiver, estoppel, or consent. (4 Witkin & Epstein, Cal.Criminal Law (2d ed.1989) Jurisdiction and Venue, § 1822, p. 2159.) In contrast, a court's act in excess of its jurisdiction is valid until set aside, and a party may be precluded from setting it aside, due to waiver, estoppel or the passage of time. (People v. Mendez (1991) 234 Cal. App.3d 1773, 1781, 286 Cal.Rptr. 216.) Thus, because a violation based on section 1025 will accommodate the circumstance of a defendant's forfeiture or waiver, our decision is entirely consistent with our recent decisions,
[7] In 1998, section 969 1/2 was amended and renumbered section 969.5. (Stats. 1998, ch. 235, § 1.) Section 969.5 does not substantially differ from prior section 969 1/2 for purposes of this discussion.
[8] Although the jury impaneled to hear the priors deadlocked, which required impaneling a second jury, the section 1025 issue presented in this case concerns only the initial bifurcated trial. (See People v. Moore (1992) 8 Cal.App.4th 411, 421, 10 Cal.Rptr.2d 286 ["Section 1025 speaks to the initial trial of a defendant who is charged with a new offense and prior convictions alleged for purposes of sentence. It does not address the circumstance of an appellate reversal of only an alleged prior conviction, coupled with an affirmance of the conviction on the primary offense"].)
[9] Contrary to the dissent's suggestion, section 969a's term "[w]henever" is not without temporal limits. (Dis. opn., post, 102 Cal.Rptr.2d at p. 547-548, 14 P.3d at p. 220-221.) The term "[w]henever" is limited by the term "pending," which we concluded meant until sentencing. (Valladoli, supra, 13 Cal.4th at pp. 598, 604-605, 54 Cal.Rptr.2d 695, 918 P.2d 999.) We specifically did not consider, however, any further limitations to section 969a under section 1025, subdivision (b). (Valladoli, supra, 13 Cal.4th at p. 608, fn. 4, 54 Cal.Rptr.2d 695, 918 P.2d 999.)
[10] Defendant requests judicial notice of a letter from the Los Angeles County District Attorney's Office (Bureau of Management and Budget), which responds to defendant's inquiry regarding the office's budget for the fiscal year 1996-1997. Because the document has no bearing on the question before us, we deny this request.