**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GENE ERVIN ATKINS,

     Petitioner - Appellant,

 v.

DEBRA HERNDON, Warden,

     Respondent - Appellee.

No. 08-55619

D.C. No. 2:04-cv-09985-AHM-SS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Argued and Submitted May 5, 2010
Pasadena, California

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and BLOCK, District Judge.[**]

  A California jury convicted Gene Atkins of making criminal threats and

stalking, among other crimes. In 2005, while in state custody serving his sentence,

Atkins filed an amended petition for a writ of habeas corpus under 28 U.S.C.

---

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]  The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

§ 2254, which the district court denied. Atkins timely appealed, and we granted a certificate of appealability ("COA").

I

Atkins first claims that trial counsel rendered ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to seek the removal of Juror No. 6956 on the ground that she could not be impartial. Our review of the record persuades us that Atkins has not established a reasonable probability that he would have obtained a more favorable outcome if Juror No. 6956 had been removed from the jury venire. Although Juror No. 6956 stated initially during voir dire that she could not be fair to Atkins because of her past experience in an abusive relationship, she later clarified that she could "put that experience past [her] in deciding this case." Other of her answers during voir dire suggested that she even had pro-defense leanings. Thus, even assuming that trial counsel performed deficiently by failing to seek the removal of Juror No. 6956, the California Court of Appeal did not unreasonably apply *Strickland* in concluding that counsel's alleged error did not cause Atkins prejudice. *See* 28 U.S.C. § 2254(d)(1). Furthermore, because Atkins has failed to allege facts which, if proven, would entitle him to relief, he is not entitled to an evidentiary hearing on this claim. *See Karis v. Calderon*, 283 F.3d 1117, 1126–27 (9th Cir. 2002).

2

## II

Atkins also claims that the state trial court unreasonably determined that Juror No. 6956 could be impartial. The State responds that Atkins's claim is procedurally barred. We need not decide the issue of procedural default, however, because even under a de novo standard of review, *see Chaker v. Crogan*, 428 F.3d 1215, 1221 (9th Cir. 2005), Atkins's claim fails on the merits. Viewed as a whole, Juror No. 6956's responses during voir dire do not establish that she was in fact biased against Atkins. *See United States v. Alexander*, 48 F.3d 1477, 1484 (9th Cir. 1995). Thus, even assuming that the state trial court had a federal constitutional obligation to excuse *sua sponte* prospective jurors it believed could not be impartial, the state trial court did not err by failing to excuse Juror No. 6956.

## III

Atkins next claims that there was insufficient evidence to support his convictions. The State maintains that these claims are procedurally barred. Rather than decide the issue of procedural default, however, we proceed directly to the merits of Atkins's claims, conducting our review de novo. *See Chaker*, 428 F.3d at 1221.

Specifically, Atkins contends that the evidence was insufficient to establish that the threats he made on January 25 (Count 1), January 31 (Count 3), and

3

February 1, 2002 (Count 4), put his victim, Kye Wooten, in "sustained fear for . . . her own safety." Cal. Penal Code § 422 (2002). We disagree. The evidence showed that on January 25, Atkins left a voicemail on Wooten's cell phone threatening to kill her, and that Wooten took the threat "very seriously," given Atkins's prior abusive conduct toward her. The evidence also showed that on both January 31 and February 1, Atkins approached Wooten with a knife, threatening to kill her. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that Atkins's conduct put Wooten in "sustained fear" on each of the relevant dates. *See People v. Allen*, 40 Cal. Rptr. 2d 7, 11 (Ct. App. 1995). The evidence was sufficient to support Atkins's convictions on Counts 1, 3, and 4.

Atkins also challenges the sufficiency of the evidence supporting his conviction for stalking on Count 10. According to Atkins, the evidence was insufficient to establish that his course of conduct caused Wooten "substantial emotional distress." Cal. Penal Code § 646.9(e) (2002). The evidence showed, however, that Wooten was the subject of constant death threats from Atkins over a period of about a month; that on February 19, 2002, Atkins followed Wooten in his car as she drove out of her workplace parking lot; that Wooten was "very scared" and "terrified" because of Atkins's conduct on February 19; and that even after

4

Atkins stopped following her on that day, Wooten continued to drive around in her car for "roughly an hour" in order to "gather [her]self." Based on the evidence presented at trial, a rational trier of fact could have found that Atkins's course of conduct, culminating on February 19, caused Wooten "substantial emotional distress." We therefore reject Atkins's challenge to the sufficiency of the evidence supporting his conviction on Count 10.

IV

Noting that the information alleged that he had two prior "strikes" only as to Counts 1, 2, 3, and 4, Atkins argues that trial counsel rendered ineffective assistance by failing to object to the state trial court's decision to sentence him as a third-strike offender on Count 10. Any such objection, however, would have been futile. California Penal Code section 969a allows the prosecution to amend the information to include additional allegations of prior felony convictions before sentencing "so long as the court has not discharged the jury." *People v. Tindall*, 14 P.3d 207, 209 (Cal. 2000). If trial counsel had timely objected when he learned that the prosecution sought to make additional allegations of prior felony convictions, the prosecution would have simply amended the information to include them, given that the jury had not yet been discharged. Thus, even assuming that *Strickland* supplies the standard of constitutionally effective

5

assistance in this context, *compare Glover v. United States*, 531 U.S. 198 (2001), *with Davis v. Grigas*, 443 F.3d 1155 (9th Cir. 2006), the California Court of Appeal reasonably concluded that Atkins suffered no prejudice from trial counsel's failure to object, *see* 28 U.S.C. § 2254(d)(1).

Atkins also contends that appellate counsel rendered ineffective assistance by failing to challenge his sentence on direct appeal on the ground that the information did not allege prior "strikes" as to Count 10.  Raising the issue on appeal would have been futile, however, because Atkins impliedly consented to amendment of the information by not objecting to additional strike allegations as to Count 10 at trial.  *See People v. Francis*, 450 P.2d 591, 596–97 (Cal. 1969).  The California Court of Appeal's conclusion that Atkins has "no claim for ineffective assistance of appellate counsel" was not objectively unreasonable.  *See* 28 U.S.C. § 2254(d)(1); *Miller v. Keeney*, 882 F.2d 1428, 1435 (9th Cir. 1989).

V

Finally, we note that Atkins's opening brief on appeal raises three issues beyond the scope of the COA issued by this court.  Treating Atkins's brief as a motion to expand the COA, *see* 9th Cir. R. 22-1(e), we conclude that Atkins has failed to make a "substantial showing of the denial of a constitutional right" with respect to any of the uncertified issues, 28 U.S.C. § 2253(c)(2); *see Slack v.*

6

*McDaniel*, 529 U.S. 473, 483–84 (2000).  Accordingly, we reject Atkins's motion to expand the scope of the COA.

VI

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**