Filed 7/28/16  P. v. Elliott CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B266756 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA064792) |
| v. | |
| FORRISS LAWRENCE ELLIOTT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Kathleen Blanchard, Judge.  Affirmed.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Andrew S. Pruitt, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Forriss L. Elliott (defendant) appeals his felony convictions of driving under the influence of alcohol and driving with a blood-alcohol content of 0.08 percent or higher. He argues that his trial counsel was constitutionally ineffective for not objecting when the People amended the charging document to add a new "strike" offense after trial, and asks us to review the transcript of the trial court's in camera hearing reviewing law enforcement personnel records. We conclude that any ineffectiveness did not prejudice defendant, and that the trial court complied with the procedures set forth in *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*). Accordingly, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

On August 23, 2013, defendant was pulled over driving a U-Haul truck. He smelled of alcohol, and a preliminary alcohol screening device indicated that his blood-alcohol content was 0.203 percent and 0.208 percent, more than twice the 0.08 percent legal limit. This was defendant's third incident of driving under the influence in a month and his fourth in the past six years.

In the operative, first amended information, the People charged defendant with (1) driving under the influence of alcohol, as a felony because he had three prior convictions for the same crime in the last 10 years (Veh. Code, §§ 23152, subd. (a) & 23550), and (2) driving with a blood-alcohol content of 0.08 percent or higher, as a felony because he had three prior convictions for the same crime in the last 10 years (Veh. Code, §§ 23152, subd. (b) & 23550).[1] The People further alleged that defendant's 2008 conviction for making criminal threats (Pen. Code, § 422) was a strike within the meaning of our Three Strikes law (Pen. Code, §§ 667, subds. (b)-(j) & 1170.12, subds. (a)-(d)).

Prior to trial, defendant filed a motion asking the trial court to review the personnel records of the two Los Angeles Sheriff's deputies who pulled him over. The

---

[1] The People also charged defendant with misdemeanor assault and battery (Pen. Code, § 242), but dismissed that count prior to trial.

2

court ruled that defendant had established "good cause" to examine the personnel records of one of the deputies for incidents involving dishonesty, but had not established "good cause" as to the other deputy. The court conducted an in camera hearing, reviewed the deputy's personnel file, and ordered three matters to be disclosed to the defense.

On the day before trial, defendant made an oral motion asking the trial court to strike the Three Strikes law allegation pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. He argued that the charged crimes were a product of his alcoholism, and that he used alcohol as a means of "self-medicating" for his stomach cancer. The court denied the motion. The court explained that defendant did not "fall[] outside of the statutory scheme of the [Three Strikes law]," which was designed to address "revolving door criminal[s]," because defendant's criminal history dated back to 1985 and reflected "conviction after conviction and [probation] violation after [probation] violation." The court nevertheless denied the motion without prejudice, acknowledging that although "the facts of the instant case seem[] particularly egregious" due to defendant's high blood-alcohol content, the court would consider whether the facts adduced at trial painted a different picture.

Before the jury returned its verdict, defendant waived his right to have the jury decide the truth of the strike allegation. The jury then found defendant guilty of both charged crimes and found the allegations of his prior driving under the influence offenses to be true. The court then discharged the jury.

Thereafter, the People filed a second amended information alleging that defendant's 1990 conviction for assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) also constituted a strike under the Three Strikes law.

At defendant's subsequent sentencing hearing, the trial court arraigned defendant on the second amended information. Defendant did not object to the filing of the second amended information. The court found both prior strike allegations to be true. Defendant again asked the court to strike the two Three Strikes allegations under *Romero* on chiefly the same grounds as his pretrial, oral motion. The court denied this second *Romero* motion. Again citing defendant's extensive criminal history, the court commented that

defendant "appears to be a poster child for the Three Strikes law in terms of the revolving door of the criminal justice system." The court further noted that it would have, at most, stricken the allegation with respect to the 1990 conviction but that doing so would not affect the sentence dictated by the Three Strikes law.

The trial court then sentenced defendant to four years in state prison. As to the driving under the influence count, the court selected the mid-term sentence of two years and doubled it to four years under the Three Strikes law. The court imposed the same sentence on the driving with a blood-alcohol content of 0.08 percent or greater count, but stayed that sentence pursuant to Penal Code section 654.

Defendant timely appeals.

## DISCUSSION

### I. Ineffective Assistance of Counsel

Defendant argues that his trial counsel was constitutionally ineffective for not objecting to the People's filing of the second amended information, which alleged a second strike offense under the Three Strikes law, because the amended pleading was filed after his jury was discharged. A criminal defendant makes out a claim that his counsel was constitutionally ineffective if he demonstrates that (1) his "'counsel's performance was deficient [because it] fell below an objective standard of reasonableness,'" and (2) "'there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been more favorable to [the] defendant.'" (*Richardson v. Superior Court* (2008) 43 Cal.4th 1040, 1050, quoting *In re Ross* (1995) 10 Cal.4th 184, 201.) As explained below, defendant has arguably established that his counsel's performance was deficient, but has not established that her omission prejudiced him.

In *People v. Tindall* (2000) 24 Cal.4th 767, our Supreme Court reconciled the tension between the People's right under Penal Code section 969a to amend charging documents to allege prior felonies and a defendant's right under Penal Code section 1025, subdivision (b), to have all prior convictions "tried by the [same] jury that tries" the issue of guilt. The Court resolved the conflict by holding that the "prosecution may amend an

4

information to add alleged prior convictions . . . until sentencing," but only if the jury empanelled on the issue of guilt "has [not] been discharged." (*Tindall*, at p. 776.) However, *Tindall* repeatedly emphasized the prosecution could add new prior conviction allegations at any time prior to sentencing if the defendant did not object. (*Id.* at pp. 774, 776 & fn. 6.) Defense counsel's failure to object to the second amended information in this case thus precludes defendant from challenging the new strike allegation in that pleading, but ostensibly constitutes deficient performance because a *Tindall*-based objection—had it been made—would have been well taken.[2]

The People counter that defense counsel's performance may have been adequate because she may have had a tactical reason for not objecting (e.g., *People v. Mai* (2013) 57 Cal.4th 986, 1009), but we need not definitively resolve that issue because defense counsel's failure to object—tactical or not—did not prejudice defendant.

Defendant concedes that his counsel's failure to object did not affect his sentence under the Three Strikes law. Since the Three Strikes Reform Act of 2012 became effective, a court may sentence a defendant to a "third strike" minimum sentence of 25 years to life only if the current offense is a "serious" or "violent" felony, no matter how many prior strikes he may have. (Pen. Code, §§ 667, subds. (e)(1), (e)(2)(C) & 1170.12, subds. (c)(1), (c)(2)(C).) Where the current felony is neither "serious" nor "violent," the court is to impose a "second strike" sentence by doubling the sentence otherwise prescribed by law. (*Ibid.*) Because the two driving under the influence offenses defendant suffered here are not "serious" or "violent" felonies, the Three Strikes law required the court to double the sentence for these offenses whether he had one prior strike or two.

Defendant nevertheless argues that the trial court might have granted his *Romero* motion had there been only one prior strike rather than two. To show a "reasonable

---

[2]    Even if we disregarded the forfeiture and considered the merits of defendant's *Tindall* objection, the error was not prejudicial because, as explained below, there is no reasonable probability that the error affected his sentence. (*People v. Watson* (1956) 46 Cal.2d 818, 836-837.)

probability" of this result, defendant need not show that it is "more likely than not" that the court would have granted his motion (*People v. Howard* (1987) 190 Cal.App.3d 41, 47-48, citing *Strickland v. Washington* (1984) 466 U.S. 668, 693-694), but must prove that a grant was more than a "possibility" (*People v. Almanza* (2015) 233 Cal.App.4th 990, 1006-1007). Here, we *know* whether the court would have granted a *Romero* motion when defendant was charged with only one strike because the court denied that very motion prior to trial. In so doing, the court remarked on defendant's extensive criminal history, his cycle of "conviction after conviction and violation after violation," and the "egregious[ness]" of the current crime. Although the court stated that its denial was without prejudice and that it would consider the evidence presented at trial, defendant does not argue that the facts established at trial were any less egregious than the court anticipated them to be before trial. What is more, defendant's 1990 assault with a deadly weapon conviction was part of the criminal history the court referenced, whether or not it was later alleged to be a strike. The fact that the court had no compunction in denying defendant's pretrial *Romero* motion also soundly refutes defendant's assertion that it is "likely" that the court would have granted a *Romero* motion when only one strike was at issue because "doing so would have had an effect on [defendant's] sentence." In sum, we conclude that there is no possibility, let alone a "reasonable probability," that defendant's sentence would have been different had his 1990 conviction not been alleged as a strike.[3]

## II.   *Pitchess* **Motion**

We conducted a review of the in camera proceedings in the manner contemplated by the decision in *People v. Mooc* (2001) 26 Cal.4th 1216, 1228-1230, and found the record to be adequate to permit meaningful appellate review. (See *People v. Prince* (2007) 40 Cal.4th 1179, 1285-1286.) We have independently determined from the entire record including the sealed in camera proceedings that the trial court properly exercised

---

[3]    Indeed, because the abstract of judgment does not reference the 1990 conviction as a strike, there is no basis for ordering any correction of that document either.

its discretion in determining which items to disclose and did not err in refusing to disclose further materials.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT

We concur:

_____, P.J.
BOREN


_____, J.
CHAVEZ