[No. C034224. Third Dist. Sept. 25, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
ALBERTO GUTIERREZ, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*It is ordered that the opinion be published with the exception of parts I, II, and III, pursuant to California Rules of Court, rules 976(b) and 976.1.

**COUNSEL**

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner and Robert R. Anderson, Chief Assistant Attorneys General, Jo Graves, Acting Assistant Attorney General, John G. McLean, Carlos A. Martinez and Julia Bancroft, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CALLAHAN, J.**—A jury convicted defendant of second degree robbery (Pen. Code, § 211; undesignated section references are to this code) and false imprisonment by violence (§ 236) and found that he was armed with a

firearm during the commission of the offenses (§ 12022, subd. (a)(1)). In bifurcated proceedings, the court found that defendant had a prior felony conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12) and within the meaning of section 667, subdivision (a) and that defendant had served three prior prison terms within the meaning of section 667.5, subdivision (b).

Thereafter, but prior to sentencing, the court granted the prosecution's motion to file an amended information adding two 1982 Nevada priors for robbery as strike priors (§§ 667, subds. (b)-(i), 1170.12) and as five-year enhancements (§ 667, subd. (a)). Before trial on the priors, the prosecutor indicated there was only one Nevada prior, not two. A jury found the Nevada state robbery conviction to be true.

The court granted defendant's motion to strike the Nevada state robbery conviction as a strike prior (§ 1385; *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]). Defendant admitted that the Nevada state robbery conviction came within the meaning of section 667, subdivision (a). The court sentenced defendant to state prison for an aggregate term of 18 years (six years for the robbery [the midterm of three years, doubled for the remaining strike prior], two years for two prior prison terms [the other prior prison term enhancement was not imposed because the prior was used for a five-year enhancement], and 10 years for two 5-year enhancements; the court stayed the term for the false imprisonment and for the arming enhancements).

Defendant appeals. He contends the prosecutor committed prejudicial misconduct by inquiring into defendant's in-custody status and by arguing facts not in evidence. He argues the cumulative effect of the misconduct prejudiced him and requires reversal. He also contends that the Nevada prior must be stricken in its entirety because the trial court prejudicially erred in allowing amendment of the information after the jury was discharged. We will reverse the Nevada state robbery conviction findings, strike the allegations and modify the sentence striking the five-year enhancement imposed for the Nevada prior. As modified, we will affirm.

FACTS

Steven Marks worked as a clerk and cashier on the swing shift at Cisco Grove Chevron gas station. About 11:00 p.m. on February 11, 1999, while picking up trash outside, Marks saw a red compact car drive up. Three people were in the car. Marks went inside and waited for the customers.

Manuel Quiroga, wearing dark clothing from head to foot, got out of the car and went into the store and asked for a pack of Marlboros and a pack of Newports. Marks put the cigarettes on the counter. Quiroga then walked to the back of the store to grab something out of the cooler. About that time, defendant, wearing a dark top and light-colored pants, walked into the store carrying a plastic bottle which he set on the counter. Defendant stood at the counter and looked at Marks and then outside. Quiroga walked up to the counter carrying a gun which he pointed at Marks's head ordering him to put his face down, not to look at Quiroga and to be quiet. Quiroga demanded money and Marks said the money was in the cash drawer. Quiroga could not open the drawer and ordered Marks to do it. Marks opened the drawer and Quiroga grabbed $100. Quiroga thought there should be more and defendant told him to look for a drop safe. Defendant and Quiroga found a box under the counter which contained $300. Quiroga put the gun to Marks's back and threatened to kill him for lying. Defendant persuaded Quiroga not to and tied up Marks with strips from a terry cloth towel. Quiroga threatened to kill Marks if he told anyone.

Defendant and Quiroga also took Marks's wallet that had $70. After grabbing more cigarettes, defendant and Quiroga left the store. Marks immediately called 911. Deputy Sheriffs Paul Nicholas and Michael Cunningham arrived and obtained the details of the robbery from Marks.

About 11:10 p.m., California Highway Patrol Officers Paul San Gregorio and Lowell Monday were notified of the robbery. As they headed east on Interstate 80 toward Cisco Grove, they saw a red car matching the suspects' vehicle heading in the opposite direction. The officers turned around and caught up with the red car, which had pulled over to the shoulder with its hazard lights activated. The officers passed the red car and saw a person in the driver's seat and defendant in a dark top and light-colored pants outside next to the passenger door. The officers backed up and stopped behind the car. The man outside the car had disappeared. The officers contacted the driver, Joyce Mello, who told the officers that Quiroga was lying in the backseat. Officers ordered Quiroga out of the car.

The officers searched the car and found a firearm, cartons of cigarettes, gloves, ski mask, and rolled coins. Officer San Gregorio, another deputy and a police dog followed a trail of empty cigarette cartons, a few packages of cigarettes and some muddy footprints.

At 3:40 a.m. on February 12, 1999, defendant was found stepping over a guardrail near Rollins Lake Road. He attempted to flee but his path was

blocked. A search of defendant revealed $248 and one or more strips of terry cloth towel.

A videotape of the robbery was played for the jury.

Defendant did not testify at trial. Quiroga testified that he had a prior conviction for voluntary manslaughter and had entered a guilty plea in the instant case. Quiroga explained that he had asked defendant for a ride to Reno in exchange for drugs or money. Quiroga claimed he had not planned on committing the robbery but when a revolver he had stolen fell out of his pants inside the store, he considered the possibility of "get[ting] some free money." Quiroga, on drugs during the robbery, asserted that he had ordered defendant in Spanish to participate in the robbery and had ordered defendant out of the car after the robbery because defendant was "irritating."

When interviewed at the jail on February 12, 1999, Quiroga did not provide any details of the robbery nor did he describe his behavior toward defendant. Quiroga could not remember what happened in the store. Quiroga's tape-recorded statement was played for the jury.

Additional facts relevant to defendant's contentions will be recounted in our discussion of the same.

DISCUSSION

I-III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

IV

Defendant contends the trial court prejudicially erred in allowing the prosecutor to amend the information to allege a Nevada state robbery conviction as a strike prior (§§ 667, subds. (b)-(i), 1170.12) and as a five-year enhancement (§ 667, subd. (a)) after the jury had been discharged. Defendant contends the Nevada conviction must be stricken in its entirety. Defendant relies on the recent decision by the California Supreme Court,

---

*See footnote, *ante*, page 15.

*People v. Tindall* (2000) 24 Cal.4th 767 [102 Cal.Rptr.2d 533, 14 P.3d 207]. We conclude *Tindall* is applicable here.

A detailed recitation of the procedural history of this case is necessary.

On February 17, 1999, a felony complaint was filed charging defendant with second degree robbery and false imprisonment and alleging personal use of a firearm, a principal armed with a firearm, a 1984 California robbery as a strike prior as well as a five-year enhancement and five prior prison terms, all served on California convictions.

On February 27, 1999, an information was filed charging defendant with the same substantive offenses and alleged arming, a 1983 California robbery as a strike prior as well as a five-year enhancement and three prior prison terms, all served on California convictions.

On June 23, 1999, after jury selection but prior to presentation of evidence, defendant waived his right to a jury trial on the prior allegations.

On July 1, 1999, a jury convicted defendant of robbery and false imprisonment, found he was armed, and was thereafter discharged. In bifurcated proceedings the same day, the court found the California prior allegations to be true as well as three prior prison term allegations.

On August 17, 1999, the prosecutor filed a motion to amend the information to allege two 1982 Nevada state robbery convictions as five-year enhancements (§ 667, subd. (a)) and as strike priors (§§ 667, subds. (b)-(i), 1170.12). The prosecution explained it had been unaware of defendant's prior Nevada robbery convictions—they had not appeared on defendant's California, Nevada or FBI rap sheets. Defendant had a fairly common last name, used numerous aliases and had once provided officers with a false name. The Nevada conviction had a different spelling than any used before and a fingerprint match confirmed it was defendant who had committed the Nevada prior. The prosecutor confirmed the conviction through fingerprints on August 13, 1999.

With respect to the effect of the failure to allege upon defendant's decisions during plea bargaining, the prosecutor stated, "There is no evidence that the defendant would or could have resolved the case more favorably to himself if the Nevada priors would have been alleged previously. Every offer that the People extended, most of them joint offers with Quiroga to resolve this, were rejected." The prosecutor stated that "if the People would have known [that defendant] had that other strike or strikes out

of the State of Nevada, there would not have been a 15 year offer. There would not ever have been a determinate offer. The exposure is 41 with the additional strike allegation because of the 667a."

Defense counsel objected to the amendment.

In granting the motion, the court considered the factors set forth in *People v. Tindall* (Cal.App.), which was subsequently reversed on December 28, 2000, in *People v. Tindall, supra,* 24 Cal.4th 767. The court commented, "I think [the prosecution] did a very—I would say more than adequate search. They were diligently pursuing what appeared to be a closed area" and "The People's conduct during July and August I think has been excellent, the conduct insofar as searching this out."

On August 20, 1999, the amended information was filed.

On September 9, 1999, a new jury was convened. The prosecutor informed the court that there was only one 1982 Nevada state robbery conviction, not two. The jury found the Nevada state robbery conviction to be true.

On October 5, 1999, the court struck the Nevada state robbery conviction only for purposes as a strike prior and sentenced defendant to state prison for an aggregate term of 18 years, using the Nevada conviction to add a five-year enhancement (§ 667, subd. (a)).

In *People v. Tindall, supra,* 24 Cal.4th 767, an information charged the defendant with possession of rock cocaine and alleged, for purposes of probation ineligibility, two prior narcotics convictions. It was further alleged he had served a prior prison term for one of the convictions. The priors were bifurcated. A jury convicted the defendant on the underlying offense and he then waived his right to a jury trial on the priors. The jury was discharged. Prior to sentencing, a probation report revealed, among other convictions, three prior felony bank robbery convictions. The prosecutor moved to amend the information to add the three convictions as strike priors and as three prior prison terms and to add another prior prison term for a narcotics conviction. Over the defendant's objection, the trial court granted the prosecution's motion to amend. The defendant asserted his right to a jury trial on the strike priors. A jury found the three strike priors to be true. The court sentenced the defendant to state prison for 25 years to life. Based on section 1025, subdivision (b), *Tindall* concluded that the trial court, in permitting the postdischarge amendment to the information, acted in excess of jurisdiction and reversed the Court of Appeal's judgment affirming the trial court's order. (*Tindall, supra,* 24 Cal.4th at pp. 770-771.)

Section 1025, subdivision (b) provides, in relevant part as follows: "the question of whether or not the defendant has suffered the prior conviction shall be tried by the jury that tries the issue upon the plea of not guilty, . . ." *Tindall* considered the conflict with section 969a which provides that priors may be added " '[w]henever it shall be discovered that a pending indictment or information does not charge all prior felonies . . . .' " (*People v. Tindall, supra,* 24 Cal.4th at p. 772.) After discussing the advantages of having the same jury decide the guilt issue on the underlying offense and the truth issue on the priors, *Tindall* concluded that section 969a could not be interpreted to deny a defendant's right under section 1025, subdivision (b). (*Tindall, supra,* at pp. 773-781.)

*Tindall* specifically rejected the Attorney General's argument that prohibiting postdischarge amendments would give defendants " 'an incentive to waive their jury trial right quickly to prevent their being correctly sentenced.' [Citation.]" (*People v. Tindall, supra,* 24 Cal.4th at p. 779.) "In other words, those defendants who know the prosecution has not alleged all of their prior convictions will waive a jury trial on the priors, causing the guilt phase jury to be discharged. If the prosecution seeks to amend the information to add the prior conviction allegations, the defendants will assert that they waived a jury without full knowledge of the alleged prior convictions, and they will seek to withdraw the waiver and impanel another jury. Consequently, they will not have the same jury, as required under section 1025, subdivision (b). Under defendant's interpretation of this provision the prosecution may not be permitted to add previously unalleged prior convictions. [¶] Though not entirely without merit, the Attorney General's argument loses force when we consider the realities of this incentive. To take unfair advantage of section 1025, subdivision (b), a defendant must plead not guilty, undergo the trial of the alleged underlying offenses, and be found guilty. During this entire time, the prosecution must fail to allege all of the defendant's prior convictions. Only then does a defendant's incentive to waive jury trial on the priors arguably become manifest." (*Ibid.*) "Although prohibiting postdischarge amendments will prevent the prosecution in certain cases from charging defendants with all their prior convictions (§ 969), we do not find this circumstance distinctly unjust, when the prosecution has what we consider a fair opportunity, i.e., until the conclusion of the guilt phase [of] trial, to discover and charge the prior convictions." (*Id.* at p. 781.)

▮ *Tindall* held that "in the absence of a defendant's forfeiture or waiver, section 1025, subdivision (b) requires that the same jury that decided the issue of a defendant's guilt 'shall' also determine the truth of alleged prior convictions. Because a jury cannot determine the truth of the prior conviction allegations once it has been discharged [citation], it follows that

the information may not be amended to add prior conviction allegations after the jury has been discharged." (*People v. Tindall, supra,* 24 Cal.4th at p. 782.)

We requested supplemental briefing on whether *People v. Tindall, supra,* 24 Cal.4th 767 applies here. Defendant responds that *Tindall* held that "in any case where the defendant has waived jury trial on then-alleged priors and a jury decides the issue of guilt, the prosecution has 'until the conclusion of the guilt phase trial, to discover and charge the [previously unalleged] prior convictions.' " (Underscoring in original, quoting, in part, from *Tindall, supra,* 24 Cal.4th at p. 781.)

Defendant claims he waived his right to the same jury only on the alleged priors, and not on the postjury verdict added prior. Thus, he asserts, "as a matter of law, it was impossible vis-à-vis the unalleged prior for [him] ever to have waived his section 1025, subdivision (b) right to have the same jury decide guilt and the truth of that prior." Basically, he claims the waiver was not voluntary and knowingly entered as to the unalleged prior.

Defendant argues that *Tindall* made no "distinction or exception" to the rule barring amendment "based upon when the defendant waived his right to a jury trial on the alleged priors." Defendant essentially argues that priors cannot be added after discharge of the jury and that a waiver as to alleged priors has no effect with respect to newly discovered unalleged priors.

The Attorney General argues *Tindall* is distinguishable. The Attorney General argues because defendant waived his right to jury trial on the priors prior to presentation of evidence, amendment to add a prior was not barred. The Attorney General claims the "timing of the waiver makes all the difference" and quotes from *Tindall,* "[D]epending on a defendant's plea or waiver of a jury, the prosecution may or may not be able to add prior conviction allegations after a jury is discharged." (*People v. Tindall, supra,* 24 Cal.4th at p. 779.)

We agree with defendant's interpretation and conclude *Tindall* applies here. After the jury convicted defendant of robbery and false imprisonment and found he was armed, it was discharged. In bifurcated proceedings, the trial court found California prior allegations to be true. Prior to sentencing and over the defendant's objection, the prosecutor's motion to amend to add a Nevada state robbery conviction as a strike prior and as a five-year enhancement was granted. A new jury found the Nevada prior to be true. At sentencing, the trial court struck the Nevada state robbery conviction as a strike prior but imposed such conviction as a five-year enhancement.

Defendant was denied his statutory right to have the same jury decide the guilt issue on the underlying offenses and the truth issue on the Nevada state robbery conviction allegations. Defendant only waived his statutory right to have the same jury decide the guilt issue on the underlying offenses and the truth issue on the *California* prior allegations. Defendant did not object to the discharge of the jury because the Nevada state robbery conviction had not yet been alleged. Thus, defendant's failure to object to the discharge of the jury does not constitute waiver. Defendant did object when the prosecutor moved to amend the information to add the Nevada state robbery conviction allegations.

The trial court acted in excess of jurisdiction in allowing the prosecution to file a late, amended information alleging the Nevada state robbery conviction as a strike prior and as a five-year enhancement. We will modify the judgment accordingly and affirm as modified. (§ 1260.)

### DISPOSITION

The findings that defendant sustained a prior serious felony conviction for the Nevada state robbery conviction for purposes of a strike prior (§§ 667, subds. (b)-(i), 1170.12) and a five-year enhancement (§ 667, subd. (a)) are reversed and the allegations are stricken. The sentence is modified to strike the five-year enhancement imposed for the Nevada prior. Because the trial court struck the Nevada prior as a strike prior, no further modification is required. With a reduction of five years, defendant's sentence is now 13 years. The trial court is directed to prepare an amended abstract of judgment reflecting this modification and to forward a certified copy to the Department of Corrections. As modified, the judgment is affirmed.

Nicholson, Acting P. J., and Morrison, J., concurred.

Respondent's petition for review by the Supreme Court was denied January 3, 2002. Baxter, J., and Brown, J., were of the opinion that the petition should be granted.