RAMIREZ, P. J.
*827 *877 Defendant accosted a stranger in a parked car, forced him to turn over his car keys at gunpoint, and told him, "This ain't your car no more." He also took the victim's cell phone. When defendant was arrested, he was in possession of a handgun with a 15-round-capacity magazine.
After a jury trial, defendant was found guilty on three counts: (1) second degree robbery ( Pen. Code, §§ 211, 212.5, subd. (c) ), with a personal firearm use enhancement ( Pen. Code, § 12022.53, subd. (b) ); (2) unlawful possession of a firearm ( Pen. Code, § 29800, subd. (a)(1) ); and (3) receiving a large-capacity magazine ( Pen. Code, §§ 16740, 32310, subd. (a) ).
In a bifurcated proceeding, after waiving a jury trial, defendant admitted two "strike" priors ( Pen. Code, §§ 667, subds. (b) - (i), 1170.12 ), two prior serious felony enhancements ( Pen. Code, § 667, subd. (a) ), and two prior prison term enhancements ( Pen. Code, § 667.5, subd. (b) ).
As a result, defendant was sentenced to a total of 71 years 4 months to life.
*878 Defendant does not challenge his conviction of the substantive offenses. All of his appellate contentions relate to the enhancements and the strikes.[1] Most significantly, he contends that the trial court erred by allowing the prosecution to amend the prior conviction allegations after the jury had already been discharged. As will be seen, we agree as to one of the strikes; otherwise, we disagree. Accordingly, we will strike that one strike and remand for resentencing.
I
STATEMENT OF FACTS
A. The Allegations of the Information .
The information alleged the following prior convictions:
1. As prior prison term enhancements:
a. On February 25, 2010, in Riverside County, for assault with a deadly weapon. ( Pen. Code, § 245, subd. (a)(1).)
b. On March 5, 2010, in Riverside County, for assault with a deadly weapon in prison. ( Pen. Code, § 4501, subd. (a).)
2. As prior serious felony conviction enhancements:
a. On February 25, 2010, in Riverside County, for assault with a deadly weapon.
b. On March 5, 2010, in Riverside County, for assault with a deadly weapon in prison.
3. As strike priors:
a. On April 26, 2007, in Riverside County, for assault with a deadly weapon.
b. On February 25, 2010, in Riverside County, for assault with a deadly weapon.
*828 *879 Note that the conviction that was alleged first as a prison prior and a prior serious felony was alleged second as a strike. Also, the conviction that was alleged second as a prison prior and as a prior serious felony was not alleged as a strike at all; the first strike was a completely different conviction.
B. Defendant's Waiver of a Jury Trial .
The trial on the priors was bifurcated. After the jury retired to deliberate, defendant waived a jury trial on the priors. In taking defendant's waiver, the trial court stated:
"THE COURT: ... [¶] ... [T]here are two prison priors alleged in the information and two strike priors. They are one and the same. You know that. But they are alleged in a different fashion. You understand that; right?
"THE DEFENDANT: Yes."
As noted, however, this was not correct.
Later that day, the jury returned its verdict of guilt and was discharged.
C. The Trial Court's Advisements .
On the date set for a court trial on the priors, defense counsel indicated that defendant was willing to admit them. The trial court advised defendant:
"THE COURT: ... [Y]ou are charged with two priors. One way is a prison prior pursuant to 667.5(b). The other way is a serious felony, 667(a). And the third way is strike priors. So there are three ways the priors are alleged.
"Understood?
"THE DEFENDANT: Yes, sir.
"THE COURT: The 667.5(b) priors add an additional year if convicted of those. The serious felonies add five, and the strike prior adds a life term.
"Understood?
"THE DEFENDANT: Yes."
The trial court went on:
*880 "THE COURT: All right. You have a right to have me decide whether or not these priors are true, and whether or not you committed these priors.
"Do you wish to waive or give up that right?
"THE DEFENDANT: Yes.
"THE COURT: ... [Y]ou have a right to cross-examine any and all witnesses the People put up to prove that these priors exist, and that they are your priors.
"You wish to waive or give up that right; is that right?
"THE DEFENDANT: That is correct.
"THE COURT: You have a right to show that these priors don't exist or they're not your priors.
"You wish to waive or give up that right; is that correct?
"THE DEFENDANT: Yes.
"THE COURT: And, lastly, you have a right to testify at that trial in any defenses that they aren't your priors or they don't exist.
"You wish to waive or give up that right; is that correct, sir?
"THE DEFENDANT: Yes."
D. The Amendment of the Information and Defendant's Admissions .
Next, the trial court started to ask defendant to admit the prison priors. Defendant volunteered, however, and both counsel confirmed, that the date March 5, 2010 was erroneous and should have been July 24, 2013. The trial court therefore ordered:
"THE COURT: As to the second-prior offense, as to the second-serious prior offense, as [to] the second strike, on People's motion, I shall, by interlineation, strike 'March 5, 2010,' and substitute in that place 'July 24th, 2013,' as to all three."
*829 This was a mistake. It was the first strike that needed to be amended, not the second strike.
The trial court resumed asking defendant to admit the prison priors. This time, however, defendant volunteered, and the prosecutor confirmed, that the *881 place of the July 24, 2013 conviction was also erroneous and should be San Diego County. The trial court ordered:
"THE COURT: ... I'm going to amend the second-prior offense, as to the second-serious prior offense, and second strike to allege that the convictions were had in the County of San Diego, state of California."
This was another mistake. Once again, it should have amended the first strike, not the second strike.
The trial court resumed asking defendant to admit the prison priors, which he did. Next, it asked him to admit the prior serious felonies, which he also did.
Finally, it began asking him to admit the strikes. At this point, it seemed to realize that it was actually the first strike that needed to be amended. It ordered:
"THE COURT: The first strike prior, I shall amend the date by interlineation and striking 'April 20th, 26th'-whatever it is-'2007,' to 'July 24th, 2013.' "
It went back to asking defendant to admit the strikes. The prosecutor interrupted, however, to say that the second strike should actually be for assault with a deadly weapon in prison. The trial court stated:
"THE COURT: ... The second-strike prior shall be amended as assault with a deadly weapon in prison, in violation of 4501 of the Penal Code."
Again, this was a mistake (this time induced by the prosecutor), because there was nothing wrong with the second strike. It was the first strike that needed to be amended.
The trial court went back to asking defendant to admit the strikes. However, it expressed confusion about where the first strike occurred. The prosecutor said, "[T]he prior from February 25th of 2010, that's Riverside County. And the conviction from July 24th of 2013 is San Diego." The trial court did not expressly order any more amendments.
The trial court's interlineation of the information did not entirely track its orally ordered amendments. After the interlineations, the strike allegations looked like this:
"FIRST PRIOR, a conviction on or about April 26, 2007 7/24/13 in the Superior Court of the State of California, for the County of Riverside, for the *882 crime of ASSAULT WITH A DEADLY WEAPON ... weapon in prison in violation [of] Penal Code section 245 4501 , subdivision (a), subsection (1)....
"SECOND PRIOR, a conviction on or about RivFebruary 25, 2010in the Superior Court of the State of California, County of Riverside, for the crime of ASSAUTL [sic ] WITH A DEADLY WEAPON ..., in violation of Penal Code section 245, subdivision (a), subsection (1)[2 ]SD ...."
Thus, the first strike was correctly alleged, except that the place should have been San Diego County. The second strike was also correctly alleged, except that it had no date or Penal Code section and it had the extraneous notations "Riv" and "SD."
Defendant admitted the strikes as follows:
"THE COURT: ... Is it true ... that on or about July 24, 2013, in the county of San Diego, you were convicted of assault *830 with a deadly weapon, in violation of 4501 of the Penal Code, a strike?
"THE DEFENDANT: Yes.
"THE COURT: Is it also true that on or about February the 25th of 2010 in the ... county of Riverside, you were convicted of the crime of assault with a deadly weapon, in violation of section 245, subdivision (a), subsection (1), a strike?
"THE DEFENDANT: Yes."
Defense counsel never objected.
II
AMENDMENT OF THE INFORMATION AFTER THE JURY WAS DISCHARGED
Defendant contends that, once the jury was discharged, the trial court lost the power to amend the information. He asks us to reach this issue despite his trial counsel's failure to object to the amendment. In the alternative, he contends that his trial counsel's failure to object constituted ineffective assistance.
*883 Defendant relies on People v. Tindall (2000) 24 Cal.4th 767, 102 Cal.Rptr.2d 533, 14 P.3d 207. There, the jury found the defendant guilty of the charged offense. He waived a jury trial on the prior conviction allegations, and the trial court discharged the jury. Thereafter, however, the prosecution discovered additional prior convictions. Thus, it moved to amend the information. ( Id. at p. 770, 102 Cal.Rptr.2d 533, 14 P.3d 207.) The trial court granted the motion over the defendant's opposition. ( Id. at pp. 770-771, 102 Cal.Rptr.2d 533, 14 P.3d 207.) A new jury found the prior conviction allegations to be true. ( Id. at p. 771, 102 Cal.Rptr.2d 533, 14 P.3d 207 )
The court phrased the issue before it as follows: "[W]hether a postverdict amendment to an information to add prior conviction allegations is permissible before sentencing but after the jury has been discharged." ( People v. Tindall , supra , 24 Cal.4th at pp. 769-770, 102 Cal.Rptr.2d 533, 14 P.3d 207.)
It then held: "[I]n the absence of a defendant's forfeiture or waiver, [Penal Code] section 1025, subdivision (b) requires that the same jury that decided the issue of a defendant's guilt 'shall' also determine the truth of alleged prior convictions. Because a jury cannot determine the truth of the prior conviction allegations once it has been discharged [citation], it follows that the information may not be amended to add prior conviction allegations after the jury has been discharged. Thus, under the circumstances of this case, we find that the postdischarge amendment, which increased defendant's prison sentence from four years to 25 years to life, was erroneous." ( People v. Tindall , supra , 24 Cal.4th at p. 782, 102 Cal.Rptr.2d 533, 14 P.3d 207.)
On reading Tindall , one might well ask: Why did the defendant still have the right to have the same jury decide the amended prior conviction allegations under Penal Code section 1025, when he had already waived his right to a jury trial on the priors?
We have found only one post- Tindall case that deals with the amendment of prior conviction allegations after the jury has been discharged. Fortunately, it answers this question.
In People v. Gutierrez (2001) 93 Cal.App.4th 15, 112 Cal.Rptr.2d 568, the defendant waived a jury trial on allegations that he had prior convictions in California. The jury found him guilty and was discharged. The trial court then found the prior conviction allegations true. ( Id. at p. 20, 112 Cal.Rptr.2d 568.) Later, the prosecution moved to amend the information to allege a prior conviction in Nevada. ( Ibid. ; see also p. 21.) The defendant objected, but the trial court granted the motion. A new jury found the new prior conviction allegation *831 true. ( Id. at p. 21, 112 Cal.Rptr.2d 568.)
The appellate court held that the trial court erred by allowing the amendment. ( People v. Gutierrez , supra , 93 Cal.App.4th at pp. 21-24, 112 Cal.Rptr.2d 568.) It declared, *884 " Tindall applies here." ( Id. at p. 23, 112 Cal.Rptr.2d 568.) It noted that the defendant was arguing that "he waived his right to the same jury only on the alleged priors, and not on the post-jury-verdict added prior.... Basically, he claims the waiver was not voluntar[il]y and knowingly entered as to the unalleged prior." ( Ibid. ) "Defendant essentially argues ... that a waiver as to alleged priors has no effect with respect to newly discovered unalleged priors." ( Ibid. ) It then stated, "We agree with defendant's interpretation...." ( Ibid. ) "Defendant only waived his statutory right to have the same jury decide ... the truth issue on the California prior allegations. Defendant did not object to the discharge of the jury because the Nevada state robbery conviction had not yet been alleged." ( Id. at p. 24, 112 Cal.Rptr.2d 568.)
Under Gutierrez , then, a waiver of a jury trial on the prior convictions that are alleged in the original information is not effective-as a matter of law-as to entirely new prior conviction allegations that are added by amendment later.
Earlier case law fleshes out this reading of Gutierrez . It has been held that, if prior conviction allegations are amended in substance after a defendant has already waived a jury trial on them, then the waiver goes out the window. ( People v. Hopkins (1974) 39 Cal.App.3d 107, 116-117, 113 Cal.Rptr. 880 ; People v. Luick (1972) 24 Cal.App.3d 555, 557-559, 101 Cal.Rptr. 252 ; see also People v. Walker (1959) 170 Cal.App.2d 159, 165-166, 338 P.2d 536 [amendment of allegations regarding the offense].) However, if the amendment is only typographical, the jury waiver may stand. ( People v. Gary (1968) 263 Cal.App.2d 192, 197, 69 Cal.Rptr. 777 ; see also People v. Williams (1980) 106 Cal.App.3d 15, 19, 164 Cal.Rptr. 767 [amendment of allegations regarding the offense]; People v. Smylie (1963) 217 Cal.App.2d 118, 122, 31 Cal.Rptr. 360 [same].)
Consistent with this case law, the People argue that "the corrections to the priors were so minor that there was no violation of Penal Code section 1025." (Capitalization altered, bolding omitted.) In support, they cite People v. McQuiston (1968) 264 Cal.App.2d 410, 70 Cal.Rptr. 531. There, the defendant was charged with petty theft with a prior. The alleged prior was for petty theft on April 20, 1954 in Los Cerritos. At the beginning of trial, this allegation was amended to a conviction for petty theft on February 7, 1951 in Long Beach. ( Id. at pp. 412, 416-417, 70 Cal.Rptr. 531.) Ultimately, the trial court ruled that there was insufficient evidence to support the amended allegation; thus, the defendant was found guilty of only misdemeanor petty theft. ( Id. at pp. 412, 413, 70 Cal.Rptr. 531.)
On appeal, however, the defendant argued that "since she was not rearraigned on the amended information and did not enter a plea thereto, it was *885 error to proceed with the trial." ( People v. McQuiston , supra , 264 Cal.App.2d at p. 416, 70 Cal.Rptr. 531.) The appellate court disagreed: "The charge remained the same, and it is apparent from the record that the error in date and court was the result of a simple clerical or typographical mistake.... While the statute [citation] requires rearraignment and a new plea on an amended information, it is well established that where the amendment relates only to minor changes it is not mandatory. [Citations.] Here the timely correction of the mistake did not change the nature of the offense charged, only the date [citations] *832 and place of the conviction [citations]." ( Id. at p. 417, 70 Cal.Rptr. 531.)
Defendant responds that McQuiston is irrelevant, for three reasons. First, he argues that Tindall did not make any exception for "minor" amendments. Tindall , however, was expressly limited to its facts. It involved an amendment that was indisputably substantial-it increased the defendant's sentence from only 4 years to 25 years to life. Moreover, the court held only that allowing the amendment was erroneous "under the circumstances of this case ." ( People v. Tindall , supra , 24 Cal.4th at p. 782, 102 Cal.Rptr.2d 533, 14 P.3d 207, italics added.) Even had it not, " '[i]t is axiomatic that cases are not authority for propositions not considered.' [Citation.] 'The holding of a decision is limited by the facts of the case being decided, notwithstanding the use of overly broad language by the court in stating the issue before it or its holding or in its reasoning.' [Citation.]" ( People v. Jennings (2010) 50 Cal.4th 616, 684, 114 Cal.Rptr.3d 133, 237 P.3d 474.)
An exception for minor amendments follows from the reasoning in Tindall , as elaborated in Gutierrez . Tindall held that the amendment there resulted in a violation of the defendant's statutory right to have the same jury determine both guilt and the truth of the prior conviction allegations. This implicitly (but necessarily) means that the defendant's waiver of a jury trial on the original prior conviction allegations did not extend to the amended allegations. Gutierrez made this explicit. However, in both Tindall and Gutierrez , the amendment was substantial-it added new prior conviction allegations, and thus it exposed the defendant to additional punishment. As discussed, when a defendant has waived a jury trial on prior conviction allegations, and when the prior conviction allegations are amended typographically and not substantially, the waiver remains binding. This is an exception to Tindall .
Second, defendant points out that McQuiston was decided before Tindall . Tindall , however, did not expressly overrule McQuiston nor any of the cases dealing with minor amendments that McQuiston cited. Moreover, because Tindall involved a substantial amendment, and because it was limited to its facts, it did not overrule these cases implicitly, either.
Third, defendant argues that McQuiston is not on point, because there, the amendment occurred before the jury was discharged; hence, the case did not *886 raise any question as to whether the amendment violated the defendant's statutory rights under Penal Code section 1025. Indeed, the trial court dismissed the amended allegation as not supported by substantial evidence. Thus, as the appellate court noted, any issues regarding the amended allegation itself were moot. ( People v. McQuiston , supra , 264 Cal.App.2d at p. 413, 70 Cal.Rptr. 531.)
We agree that McQuiston did not deal with the precise issue that is before us. Nevertheless, it is an overarching rule that "[n]o accusatory pleading is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits." ( Pen. Code, § 960.) McQuiston is one instance of the application of this general principle; People v. Gary , supra , 263 Cal.App.2d 192, 69 Cal.Rptr. 777, holding that a jury waiver remains effective after a minor or typographical amendment, is another. We conclude that Penal Code section 960 also qualifies Tindall .
We turn, then, to whether the amendments here were substantial, on the one *833 hand, or minor, clerical, or typographical on the other hand.
Two of the amendments (of the second prison prior and the second prior serious felony) changed the date and place of the conviction from March 5, 2010 in Riverside County to July 24, 2013 in San Diego County. However, they did not change the offense (assault with a deadly weapon). Under McQuiston , such an amendment as to date and place is minor. Defendant does not claim and, on this record, cannot show that these amendments had a prejudicial effect on his defense, on his decision to waive a jury trial, on his decision to admit the priors, or otherwise.
The third amendment (of the first strike prior) was different. It changed the date, the place, and the offense. In short, it substituted an entirely different conviction, involving different underlying conduct. If this is minor, we cannot imagine what would it would take to be major. (See People v. McQuiston , supra , 264 Cal.App.2d at p. 417, 70 Cal.Rptr. 531 ["since the amendment related only to minor changes and did not alter the nature of the charge alleged , it was not error to fail to arraign defendant on the amended information or take her plea," italics added]; see also People v. Burnett (1999) 71 Cal.App.4th 151, 164-178, 83 Cal.Rptr.2d 629 [trial court erred by allowing prosecution to amend so as to convict defendant of possession of different gun than shown at the preliminary hearing, though on same date].)
The People argue that defendant had notice of the true date, place, and nature of the prior convictions because he had received the "prior conviction packets" in discovery. This argument falls short, for three reasons.
*887 First and foremost, the People do not explain why Tindall would not apply, even assuming defendant did have notice. Tindall turns on the statutory right to a trial by the same jury, not on the right to notice. At most, it could be argued that if, when defendant waived a jury trial, he already had notice that the People intended to rely on the convictions alleged in the amended information, then his waiver remained in effect even after the amendment. However, the People cite no authority for this proposition.
Second, the record does not show when the prosecution produced prior conviction packets to the defense. It shows only that defense counsel did receive them; he discussed them with defendant on the date set for a court trial on the priors. If the prosecution did not produce them until after the jury was discharged, then defendant was still deprived of his right to the same jury under Penal Code section 1025.
Third, even after defendant received the packets, he had no way of knowing that the prosecution intended to rely on the actual July 24, 2013 conviction in San Diego County for assault in prison to prove up the alleged April 26, 2007 conviction in Riverside County for assault with a deadly weapon. The probation report shows that defendant did in fact have an April 26, 2007 juvenile adjudication in Riverside County for a violation of Penal Code section 245, subdivision (a)(1). He would naturally have assumed that the allegation related to this.
The People also argue that defendant had notice that they would be relying on the conviction for assault in prison, because (1) it was alleged as a prior serious felony enhancement and a prior prison term enhancement (although with the wrong date and place), and (2) it was reflected in the prior conviction packets (with the right date and place). Defendant did not have the necessary notice, however, that they would be relying on it as a strike . (See *834 People v. Mancebo (2002) 27 Cal.4th 735, 742-749, 117 Cal.Rptr.2d 550, 41 P.3d 556 ; People v. Nguyen (2017) 18 Cal.App.5th 260, 265-270, 226 Cal.Rptr.3d 615.)
The People also point out that the trial court told defendant that the same two priors were alleged three ways: as prison priors, as prior serious felonies, and as strikes. Moreover, defendant said he understood. However, the trial court's statement did not correctly describe the information as it stood at that point. Moreover, the statement was unclear. Which two priors were alleged three ways? The information alleged three different priors. Was defendant supposed to ignore the March 5, 2010 prior (later amended to a July 24, 2013 prior) and to assume it was the April 26, 2007 prior that was alleged three ways? Or vice versa? Or something else? Defendant cannot be understood as agreeing that he already knew what the prosecution would seek *888 to charge him with later. Thus, the trial court erred by allowing the prosecution to amend the first strike prior allegation after the jury had been discharged.
The error, however, was not preserved for appeal. Trial counsel's failure to object constituted a forfeiture. ( People v. Saunders (1993) 5 Cal.4th 580, 589-592, 20 Cal.Rptr.2d 638, 853 P.2d 1093.) In Saunders , the trial court erred by discharging the jury after it found the defendant guilty but before it determined the truth of the prior conviction allegations. ( Id. at p. 586, 20 Cal.Rptr.2d 638, 853 P.2d 1093.) The Supreme Court held that the defendant forfeited this error by failing to object to the discharge of the jury. ( Id. at p. 591, 20 Cal.Rptr.2d 638, 853 P.2d 1093.) Here, by contrast, defendant had no reason to object to the discharge of the jury; at that point, he had waived a jury on the original prior conviction allegations, and the allegations had not yet been amended. Nevertheless, he had an obligation to object as soon as the error did become apparent. " ' "An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been, but was not, presented to the lower court by some appropriate method...." ' [Citation.]" ( Id. at pp. 589-590, 20 Cal.Rptr.2d 638, 853 P.2d 1093.) Like the defendants in both Tindall and Gutierrez , he could have objected when the prosecution asked to amend the information.
As mentioned, defendant contends that his trial counsel's failure to object constituted ineffective assistance. "An attorney's performance is constitutionally deficient if (1) it falls below an objective standard of reasonableness under prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant. [Citation.] ... 'When a claim of ineffective assistance is made on direct appeal, and the record does not show the reason for counsel's challenged actions or omissions, the conviction must be affirmed unless there could be no satisfactory explanation.' [Citations.]" ( People v. Grimes (2016) 1 Cal.5th 698, 735, 207 Cal.Rptr.3d 1, 378 P.3d 320.)
Here, there could be no satisfactory explanation for defense counsel's failure to object. (See People v. Peyton (2009) 176 Cal.App.4th 642, 654, 98 Cal.Rptr.3d 243 [there could be no satisfactory explanation for failure to object to adding new count].) Why on earth would you let your client receive a 25-years-to-life sentence, if you could avert that simply by objecting? Certainly the People do not suggest any explanation.
In sum, then, we conclude that the trial court properly allowed the prosecution to amend the second prison prior enhancement and second prior serious felony. However, defense counsel rendered ineffective assistance by *889 failing to object to the amendment of the first strike. Accordingly, *835 the first strike must be stricken and we must remand for resentencing.
III-V**
VI
DISPOSITION
The true finding on the first strike is reversed and stricken. The sentence is reversed. In all other respects, the judgment is affirmed. On remand, the trial court must resentence defendant in accordance with this opinion.
The clerk of this court is directed to send a copy of this opinion to the State Bar as soon as the remittitur issues. ( Bus. & Prof. Code, § 6086.7, subd. (a)(2).)
We concur:
MILLER, J.
RAPHAEL, J.

Defendant has filed a related habeas petition (case No. E069526). We ordered the habeas petition considered with (but not consolidated with) this appeal for the purpose of determining whether an order to show cause should issue. We will rule on the petition by separate order.

At this point, "4501" was written in but then crossed out again.

See footnote *, ante .