Filed 6/18/21  P. v. Holmes CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KEVIN HOLMES,<br><br>    Defendant and Appellant. | F081154<br><br>(Kern Super. Ct. No. MF013738A)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush and John R. Brownlee, Judges.[†]

Kristin Traicoff, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P.J., Levy, J. and Detjen, J.

[†] Judge Bush presided over the motion to suppress; Judge Brownlee presided over the trial and sentencing hearing.

## INTRODUCTION

Appellant and defendant Kevin Holmes was convicted of two counts of second degree commercial burglary and was sentenced to seven years four months in state prison. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS

At approximately 2:20 a.m. on November 21, 2018, the Tehachapi Police Department received a report of an alarm at Henry's Café. Sergeant Funderburk responded to the dispatch with Officers Caudillo and McCombs, and they discovered one of the café's doors had been pried open. The cash registers were open, and the cash drawers had been "ransacked." An interior office door had also been pried open and the area ransacked.

Kristie Wheeler, the café's manager, arrived at the scene and provided the officers with the building's surveillance video. The three officers watched the video, and it showed that two men approached the café's exterior door, pried it open with some type of tool, entered the building, opened the cash registers, and took money and electronics. One of the men was wearing a sweater that said "Cali" in large print on the front.

Ms. Wheeler testified the café was closed at the time of the burglary, and defendant did not have permission to be there.

Around 3:00 a.m., as they were still investigating at the café, the officers received a dispatch about an alarm going off at Red House Barbeque (Red House), approximately one to two miles from Henry's Café. Officer Caudillo testified it was unusual for burglar alarms to activate in succession in Tehachapi. Officer McCombs immediately left the café and drove to Red House.

About a minute after Officer McCombs left the café, he was a few blocks from Red House and saw a silver sedan pull out of a parking lot about 20 feet from the

2.

restaurant. McCombs decided to stop the vehicle because it was uncommon to see a car in that area at 3:00 a.m. He activated the patrol car's lights for a traffic stop, and the vehicle pulled over. Defendant was the driver, a juvenile male was in the front seat, and an adult male was in the back seat.

Defendant was wearing a green hooded sweatshirt with the word "Cali" on it. Officer McCombs recognized him as the same man shown in the café's surveillance video, wearing a similar item, and detained him. Officer Caudillo arrived at scene of the traffic stop, and also identified defendant as the man in the surveillance video from the café who was wearing the "Cali" sweater.

The officers searched defendant's car and found pry bars, beanies, gloves, electronics that had been taken from the café, and approximately $2,000.

Sergeant Funderburk responded to Red House and met Manolito Lujan, the owner. The building's backdoor had been pried open and damaged, and the latch destroyed. The two safes in the upstairs loft had been moved, and electronics and two metal boxes with cash were taken.

Sergeant Funderburk watched the surveillance video from Red House, and testified it showed defendant was one of the people who broke into the restaurant, and he was wearing a hooded sweatshirt that said "Cali" on the front. Mr. Lujan testified the restaurant was closed and defendant did not have permission to be there.

Sergeant Funderburk also responded to the scene of the traffic stop, and recognized defendant as the same person shown on Red House's surveillance video. He testified another man in the car was wearing a black and gray hooded jacket, and a black hat with a California bear on it, and this man was also shown on the video.

## PROCEDURAL BACKGROUND

On January 10, 2020, an information was filed in the Superior Court of Kern County charging defendant with the following offenses committed on November 21, 2018: counts 1, 2, and 3, second degree commercial burglaries of, respectively, Henry's

3.

Café, Red House Barbeque, and Las Palmas Restaurant (Pen. Code, § 460, subd. (b));[1] and count 4, attempted commercial burglary of Kwik Serve Gas Station (§§ 664, 460, subd. (b)), with one prior strike conviction for active participation in a criminal street gang (§ 186.22, subd. (a)) in San Bernardino County in 2013.

**Suppression motion**

On February 18, 2020, defendant filed a motion to suppress evidence and argued his detention and the search of his person and vehicle were illegal.

On February 24, 2020, the prosecutor filed opposition. The prosecutor argued Officer McCombs had reasonable suspicion to conduct the traffic stop and an investigatory detention because he had just left the scene of one restaurant burglary in the early morning hours, he was responding to the scene of another restaurant burglary a short distance away, and saw a vehicle pull out of a parking lot near the second location. Upon contact with defendant, McCombs believed he matched the suspect's appearance and clothing on the café's surveillance video.

On February 26, 2020, the court conducted an evidentiary hearing and denied the motion.[2]

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] Reasonable suspicion exists to conduct a traffic stop and/or detention when there is a close temporal and geographic connection between the crime and the suspect, particularly when someone is leaving the scene of a reported crime shortly after the crime occurred and no one else is in the area. (*People v. Brown* (2015) 61 Cal.4th 968, 984–985 [reasonable suspicion exists to conduct a traffic stop based on a "very recent report of a crime in progress, [the defendant's] proximity to the crime scene, and the lack of other vehicle or pedestrian traffic" in the specific area]; *People v. Thomas* (2018) 29 Cal.App.5th 1107, 1116; *People v. Conway* (1994) 25 Cal.App.4th 385, 388–390 [traffic stop was based on reasonable suspicion where the officer had no description of the burglary suspects and did not know if they had a car, but pulled over a car less than two minutes after receiving a dispatch about a burglary in progress because "it was the only car on the street and was leaving the immediate area of a reported burglary"].)

**Trial and verdict**

On March 12, 2020, the court granted the People's motion to dismiss counts 3 and 4, and defendant's jury trial began.

On March 16, 2020, the court reconvened the trial and was about to instruct the jury. Outside of the jury's presence, defendant moved for a mistrial and asserted the recent development of the COVID-19 pandemic would distract the jurors from fully deliberating. The court denied the motion. Thereafter, the court instructed the jury.

Later, on March 16, 2020, the jury found defendant guilty of counts 1 and 2. On the same day, defendant waived a jury trial on the prior strike conviction. The court granted the People's motion to amend the information to conform to proof on the case number and date of the prior conviction, over defense objections.[3] The court found the prior strike conviction allegation true.

**Sentencing**

On May 8, 2020, defendant filed a request for the court to dismiss the prior strike conviction because it occurred seven years earlier and his current convictions were not violent felonies.

On May 12, 2020, the court conducted the sentencing hearing and denied defendant's request to dismiss the prior strike conviction. The court imposed an aggregate term of seven years four months in prison, based on the upper term of three years for count 1, doubled to six years as the second strike term; with a consecutive term

---

[3] The information alleged defendant's prior strike conviction was a violation of section 186.22, subdivision (a) in San Bernardino Superior Court case No. FV1300902, "on or about" May 24, 2013. The court found the abstract of judgment stated defendant's correct name, the same conviction, and the same county, but it was in case No. FVI1300802, on May 29, 2013. The court overruled defendant's objection and found he received appropriate notice of the prior strike conviction because the alleged dates were close in time, and the case number was off by one letter and one digit. The amendments of the case number and date were minor, and did not have a prejudicial effect on the defense. (*People v. LaVoie* (2018) 29 Cal.App.5th 875, 886.)

of eight months (one-third the midterm) for count 2, doubled to 16 months as the second strike term. The court also imposed various fines and fees.

On the same day, defendant filed a timely notice of appeal.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on October 22, 2020, we invited defendant to submit additional briefing. He has failed to do so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.