Filed 11/5/21  P. v. Hicks CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KEVIN HICKS,<br><br>    Defendant and Appellant. | B307878<br><br>(Los Angeles County<br>Super. Ct. No. BA370760) |

THE COURT:

On February 7, 2014, Kevin Hicks (appellant) was convicted of conspiracy to commit kidnaping for robbery in violation of Penal Code sections 182, subd. (a)(1) and 209, subd. (a).[1]  He was sentenced to life with the possibility to of parole after

_____

[1]    All further statutory refences are to the Penal Code unless otherwise indicated.

    We affirmed appellant's conviction in *People v. Rose* (Dec. 1, 2015, B254912) [nonpub. opn.] (*Rose*).  The opinion recounts evidence that appellant and two others planned to kidnap a

14 years, plus one year because a principal was armed (§ 12022, subd. (a)(1)) and five years because appellant had committed a prior serious felony (§ 667, subd. (a)(1)). In *Rose*, we reversed the firearm enhancement and otherwise affirmed the judgment.

According to appellant, the California Department of Corrections and Rehabilitation (CDCR) interpreted his offense as a violent felony (§ 667.5, subd. (c)). He filed a request seeking clarification that his conviction was for a serious felony (§ 1192.7, subd. (c)), claiming this would impact the calculation of his good-time credits and release date.[2] The trial court treated the request as a petition for writ of habeas corpus[3] and invited an informal response from the District Attorney. The District Attorney agreed that appellant was convicted of a serious felony. The trial court declared that appellant's crime was a serious, nonviolent felony and ordered the prison officials to adjust its

female bank manager as part of a plan to rob the vault in her bank. The coconspirators took various steps in preparation for the kidnapping and robbery. The police arrested them soon after. (*Id.* at pp. 6–13.)

[2] The CDCR's interpretation brings appellant within the scope of section 2933.1. That statute provides: "Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of [s]ection 667.5 shall accrue no more than 15 percent of worktime credit, as defined in section 2933." (§ 2933.1, subd. (a).)

[3] Case law supports the trial court's decision. (*In re Mitchell* (2000) 81 Cal.App.4th 653 (*Mitchell*) [habeas petition granted by the reviewing court when the CDCR improperly classified the defendant's crime as a violent felony and limited his custody credits under section 2933.1].)

records to reflect the true nature of appellant's conviction, and to recalculate his custody credits accordingly.

The Attorney General asked the trial court to reconsider its order, arguing that appellant's felony was both violent under section 667.5, subdivision (c)(7) ["any felony punishable by death or imprisonment in the state prison for life"] and serious. The trial court vacated its previous order and declared that appellant was convicted of a violent felony. It ordered the clerk to prepare an amended abstract of judgment and send a certified copy to the CDCR.

Appellant noticed this appeal. Appointed counsel filed a no merit brief and asked us to conduct an independent review under *People v. Wende* (1979) 25 Cal.3d 436. Appellant filed a letter brief raising various arguments.

As a preliminary matter, we observe that the denial of a habeas petition is not appealable. (*People v. Garrett* (1998) 67 Cal.App.4th 1419, 1421–1422.) Appellant's remedy was to file an original petition with us. (*Id.* at p. 1423.) We could dismiss the appeal. But in the interest of justice, we opt to consider the appeal as though it is a habeas petition. (*People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4.)

Appellant offers a series of arguments.

First, he contends the trial court erred because "conspiracy" is not enumerated as a violent felony in section 667.5, subdivision (c). This contention misses the mark.

The Legislature declared in section 667.5, subdivision (c) that the specified felonies "'merit special consideration when imposing a sentence to display society's condemnation for these *extraordinary crimes of violence against the person*.'" (*People v. Henson* (1997) 57 Cal.App.4th 1380, 1385–1386 (*Henson*).)

"[M]ost offenses punishable by life in prison[] indisputably fall into the category of 'extraordinary crimes of violence against the person.'" (*Id.* at p. 1386.) Section 209, subdivision (a) provides that any person who kidnaps another person to commit extortion or exact money, and any person who aids and abets such act, is guilty of a felony and shall be sentenced to life in prison. Any person who conspires to commit a felony (other than those excepted), is "punishable in the same manner and to the same extent as is provided for the punishment of that felony." (§ 182, subd. (a)(6), 2d par.) Undeniably, appellant's crime was a "violent felony" under section 667.5, subdivision (c)(7) because he was subject to a life sentence. It does not matter whether, as here, no acts of violence occurred. While section 667.5, subdivisions (c)(1)-(6) and (c)(7)-(23) define violent felonies by specified crimes or actions, subdivision (c)(7) stands alone by defining a crime as violent based solely on the punishment.

In reaching this conclusion, we have analyzed *Mitchell*. In that case, the defendant was convicted of conspiracy to commit first degree robbery in concert. He received a sentence of seven years eight months. The CDCR characterized the offense as a violent felony under section 667.5, subdivision (c) and calculated custody credits pursuant to section 2933.1. (*Mitchell, supra,* 81 Cal.App.4th at p. 655.) *Mitchell* rejected this characterization. It explained that section 667.5, subdivision (c) "does not list conspiracy to commit the crimes set forth therein or conspiracy to commit any particular act or crimes as a qualifying violent felony." (*Id.* at p. 656.) Conspiracy to commit a crime "is a separate and distinct crime from the offense that is the object of the conspiracy. [Citation.]" (*Id.* at pp. 656–657.) The court held that "to read section 182 as requiring the application of section

4

2933.1 to conspiracy to commit the violent felonies listed in section 667.5 . . . is contrary to the plain language of sections 2933.1 and 667.5 and the express intent of the Legislature." (*Mitchell*, *supra*, 81 Cal.App.4th at p. 657.) There is no conflict between our interpretation and *Mitchell* because it did not interpret section 667.5, subdivision (c)(7). As discussed, that subdivision stands alone because it defines violent felonies in a wholly different way. Thus, we conclude that *Mitchell* is limited to subdivisions (c)(1)-(6) and (c)(8)-(23).

Second, appellant argues that a life sentence does not make a crime a violent felony, citing *In re Edwards* (2018) 26 Cal.App.5th 1181 and *In re Mohammad* (2019) 42 Cal.App.5th 1181, review granted February 19, 2020, S259999. Neither case is apposite. They did not apply section 667.5, subdivision (c)(7), and they did not suggest that a felony that is punishable by life in prison is not a violent felony within the meaning of that statute. Cases are not authority for propositions not considered. (*People v. LaVoie* (2018) 29 Cal.App.5th 875, 885.)

Third, appellant states: "'Conspiracy is a separate offense from the crime that is the object of the conspiracy. A conspiracy ends when the unlawful act has been committed or (in some states)[,] when the agreement has been abandoned.' [Citations.] [¶] Here, . . . 'the kidnap[ping] never took place, it was part of the target offense of the robbery. [¶] The Attorney General is now asking the court to do, which, by law[], it cannot do, which is to ignore the literal application of a statute[] of conspiracy. [Citation.]" This argument carries no weight because it does not explain why the CDCR's interpretation of appellant's crime was erroneous.

5

Fourth, appellant suggests that sections 1192.7 and 667.5, subdivision (c) are ambiguous, and that we therefore must apply the rule of lenity. The rule provides that when a penal statute is so ambiguous that a court can only guess which of two or more interpretations the Legislature intended, a court must prefer an interpretation favoring the defendant. (*People v. Manzo* (2012) 53 Cal.4th 880, 889.) The relevant statutory provision—section 667.5, subdivision (c)(7)—is not ambiguous because it has only one reasonable interpretation: if a felony is punishable by life in prison, the felony qualifies as violent. This plain language controls (*White v. Ultramar* (1999) 21 Cal.4th 563, 572) and the rule of lenity does not apply.

Fifth, appellant argues that the Due Process Clause of the Fifth Amendment to the United States Constitution requires that a penal statute define a criminal offense with sufficient definiteness so that ordinary people can understand what conduct is prohibited, and so that arbitrary or discriminatory enforcement is not encouraged. This is a statement, not an argument, and we decline to play a guessing game as to what appellant is trying to say.

Sixth, appellant asks us to grant him relief based on Proposition 57, a constitutional amendment adopted by the voters and effective November 9, 2016. It provides that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." (Cal. Const., art. I, § 32, subd. (a)(1).) The insurmountable obstacle for appellant is that his crime was a violent felony within the meaning of section 667.5, subdivision (c)(7) and, by its terms, Proposition 57 does not apply to him.

## DISPOSITION

The petition is denied.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

LUI, P. J.          ASHMANN-GERST, J.          CHAVEZ, J.